**Jerry Zane NELSON, Appellant,**

v.

**Ralph W. HALL, Sheriff of Grant County, State of Washington, Appellee.**

**No. 20830.**

United States Court of Appeals
Ninth Circuit.

Oct. 31, 1966.

Jerry Zane Nelson, in pro. per.

Paul A. Klasen, Jr., Ephrata, Wash., for appellee.

Before BARNES, JERTBERG and ELY, Circuit Judges.

JERTBERG, Circuit Judge.

Appellant appeals from an order of the District Court granting appellee's motion for a summary judgment in his favor, and dismissing appellant's action wherein he sought to recover money damages from appellee under the Civil Rights Act, for the alleged deprivation under color of state law of property without due process of law, in violation of his rights under the Fourteenth Amendment, and other provisions of the Constitution of the United States, and of the Constitution of the State of Washington.

Jurisdiction of the District Court was invoked by appellant "under Sections 1343, 1443 of Title 28, U.S.C. 1952 edition, Amendment 1, Section 1, and Amendment 14, Section 1, of the United States Constitution and Article 1, Section 3 of the Washington State Constitution and Article 1, Section 15 of the Washington State Constitution."

The property of which appellant claims to have been deprived consists of a 1951 Cadillac automobile which appellant purchased in 1962. The automobile was sold at public sale, by appellee, as an abandoned car under the "Abandoned Car" statute of the State of Washington. R.C.W. 46.52.110.

The record, in substance, reveals:

That on or about April 15, 1963, appellant left said automobile at Bill's Conoco Service Station located in Moses Lake, Grant County, Washington, which service station was owned by one William J. Aldred,[1] for repairs and overhaul; that on April 22, 1963, appellant was arrested in the neighboring County of Adams on a charge of second degree burglary. While being held after arrest in Adams County, and on April 23rd, appellant was interviewed by members of Moses Lake and Quincy, Grant County, Police Departments concerning burglaries which

---

1. We glean from the record that Aldred was made a party-defendant in the action. We further gather from the record that process was issued to Aldred; that he made no appearance and that a default judgment was entered against him on May 27, 1965. It further appears that Aldred went into bankruptcy in the summer of 1963. He is not a party to this appeal.

had occurred in their respective jurisdictions. A deputy sheriff from the Grant County Sheriff's office was present at such interview. This was the only occasion at which a member of appellee's office had any personal contact with appellant. That on or about the 29th day of April, 1963, appellant was incarcerated in the Washington State Penitentiary located at Walla Walla, Washington, after being sentenced to that institution following appellant's guilty plea to a charge of second degree burglary entered before the Superior Court of the State of Washington, in and for the County of Adams;

That plaintiff (appellant) learned for the first time in February of 1964 that his automobile had been disposed of by the appellee; this occurred when appellant was brought from the State Penitentiary and appeared in the Superior Court of the State of Washington, in and for the County of Grant, to plead to a charge of second degree burglary filed against him in that County.

The "Abandoned Car" statute of the State of Washington, supra, in substance provides:

That it shall be the duty of law enforcement officials of every county, city or town in the State of Washington, and members of the Washington State Patrol, to report to the chief of the Washington State Patrol all vehicles found abandoned on a public highway or elsewhere, and any such car so reported shall be taken into custody by the sheriff of the county wherein found abandoned and stored and the same shall, for the purpose of listing the same, be considered as a recovered vehicle. Personal notice that said vehicle has been found abandoned shall be forwarded to the registered and legal owners of said vehicle, if any record of registered or legal ownership thereof exists in the State, and if at the expiration of twenty days from mailing such notice by registered or certified mail, with return receipt requested, the vehicle remains unclaimed and has not been reported as a stolen vehicle, then the same may be sold at public auction at the site of such vehicle, upon notice published in one issue of a paper of general circulation in the county in which said vehicle has been found abandoned. Such publication shall describe the vehicle and set forth the place, date and time at which said vehicle shall be put up for auction, which date shall be not sooner than three days following the date of publication.

The circumstances surrounding the sale of the automobile are: On May 28, 1963, the Washington State Patrol reported to appellee, as Sheriff of Grant County, of an abandoned car described as a 1951 Cadillac bearing the specified State of Washington license, showing as registered owner, Jerry Zane Nelson, 1631–10th Avenue, Chehalis, Washington, which was found on the premises of Bill's Conoco Service Station at Moses Lake, Washington. On July 29, 1963, the Washington State Patrol advised appellee that the 1951 Cadillac was registered to appellant and that his address was 1631–10th Avenue, Chehalis, Washington. On July 30, 1963, the Washington State Patrol advised appellee, as Sheriff of Grant County, that no report had been received by it that the abandoned car had been stolen.

On July 31, 1963, the notice required by the statute, dated July 30, 1963, was sent by registered mail to Jerry Zane Nelson, 1631–10th Avenue, Chehalis, Washington. This notice was returned, unclaimed, to the appellee on August 12, 1963. The mailed notice stated:

"If at the expiration of 45 days from the date of the mailing of this notice to you, the said vehicle remains unclaimed, and in the event that the same has not been reported as a stolen vehicle within said period, then the same will be sold at public auction, for cash in hand, to the highest and best bidder at Skyline Auto Wrecking, 2316 Airway Drive, Moses Lake, Washington, on the 5th day of September, 1963 at 10:00 A.M., to satisfy all costs, etc. in accordance with section

143, Chapter 189, Laws of 1937, State of Washington." [2]

Notice of sale was published in two newspapers of general circulation published in Grant County, Washington. The publication notice stated that the sale would take place at the time and place above set forth. The Cadillac was sold on September 5, 1963, as an abandoned vehicle to the Skyline Auto Wrecking.

Following the filing of an answer by appellee to plaintiff's complaint, a hearing was held before the District Court, at which appellant was personally present, on various motions filed by appellant for production of documents, for the production of witnesses, to compel answers to interrogatories, and to cross-interrogatories propounded by each party to the other, and on appellant's demand for a jury trial. The District Court granted appellant's motion for a jury trial, in the event litigation reached that stage. The motions for production and the answering of interrogatories and cross-interrogatories were disposed of to the satisfaction of both parties by stipulations which were entered into in open court. Thereafter appellee filed his motion for summary judgment supported by several affidavits. Appellant was granted ninety days in which to file affidavits in opposition to appellee's motion. Appellant filed an affidavit of James J. Williams. Thereafter a hearing on appellee's motion for summary judgment was held at which appellant was present, and the matter was taken under advisement.

Thereafter the District Court granted appellee's motion on the ground that it was without jurisdiction to entertain the action, and dismissed appellant's action.

While appellant cites several provisions of the Constitution of the United States and of the State of Washington, it is clear from the record that he is relying on the Due Process Clause of the Fifth Amendment to the Constitution of the United States, made obligatory on the States by the Fourteenth Amendment to the Constitution of the United States. The substantive provision of the Civil Rights Act upon which he relies is 42 U.S.C.A. § 1983. This section provides:

"Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

The jurisdictional provision of the Civil Rights Act which appellant invokes is 28 U.S.C.A. § 1343, which provides in pertinent part:

"The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

" * * *;

"(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States * * *;"

In order to recover under Section 1983 appellant must establish that appellee, while acting under color of some statute, ordinance, regulation, custom or usage of the State of Washington, deprived appellant of some right, privilege or immunity secured by the Constitution of the United States. See Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Cohen v. Norris, 300 F.2d 24 (9th Cir. 1962).

The phrase while acting under color of any state statute, etc., has been interpreted and construed by the Supreme Court of the United States in United States v. Classic, 313 U.S. 299, 61 S.Ct.

---

**2.** R.C.W. 46.52.110 was enacted in 1963 and became effective June 13, 1963. It reduced the waiting period provided in Sec. 143, Chapt. 189, Laws of 1937, from 45 days to 20 days.

1031, 85 L.Ed. 1368 (1941). At page 326, 61 S.Ct. at page 1043, it is stated:

> "Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under color of' state law."

In Screws v. United States, 325 U.S. 91 (1945), at page 109, 65 S.Ct. 1031, 89 L.Ed. 1495, the statement above quoted from *Classic* is reaffirmed.

In Monroe v. Pape, supra, petitioners claimed that the invasion of their home and the subsequent search without a warrant, and the arrest and detention of Mr. Monroe by Chicago police officers constituted the deprivation of their rights, privileges or immunities secured by the Constitution, within the meaning of Section 1983. In that case the Court had occasion to interpret or construe the words "under color of" state law as used in Section 1983. At page 187, 81 S.Ct. at page 484 the Court stated:

> "We conclude that the meaning given 'under color of' law in the *Classic* case and in the *Screws* and *Williams* cases was the correct one; and we adhere to it."

There is no question that appellant was deprived of his automobile by the sale thereof by appellee while acting under the "Abandoned Car" statute of the State of Washington. The "Abandoned Car" statute provides that

> "Personal notice that such vehicle has been found abandoned shall be forwarded to the registered and legal owners of such vehicle if any record of registered or legal ownership thereof exists in this state."

 The Washington records showed appellant to be the owner and his address to be 1631–10th Avenue, Chehalis, Washington. Notice of the prospective sale was sent by registered mail to appellant at such address. The statute did not require that the appellee do anything else in this respect, and the appellant does not attack the constitutionality of the statute. Under these circumstances, the record before us negates the existence of an act by appellee which would constitute "misuse of power" on his part in the sale of the automobile. Assuming *arguendo*, that appellee was a "wrongdoer", appellant could not obtain relief under the Civil Rights Act unless the wrong was such as to constitute an infringement of rights guaranteed to appellant by the federal constitution. In the circumstances which have been related, we cannot see that appellant was deprived of due process by the failure of appellee to give appellant any notice beyond that required by the statute.

From our review of the record we are satisfied, as was the District Court, that that court was without jurisdiction to entertain the action.

The judgment of the District Court is affirmed.