Norman GOTCHER, Jr., Plaintiff—Appellant,

v.

A. KAMALU, Officer, et al., Defendants—Appellees,

and

King County JAIL, Defendant.

No. 04–35299.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.[*]

Decided June 22, 2005.

Norman Gotcher, Jr., Shelton, WA, pro se.

Stephen Powell Larson, Tobin E. Dale, Esq., Stafford Frey Cooper, Geoff Bridgman, Esq., Ogden Murphy Wallace, P.L.L.C., Seattle, WA, for Defendants–Appellees.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

MEMORANDUM**

Norman Gotcher, Jr., appeals pro se the district court's partial dismissal and partial summary judgment, and denial of his motion to reopen, in his action alleging that the City of Seattle, Seattle Police Department, two police officers, King County Jail, and Columbia Towing Company, violated his civil rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim, *Barnett v. Centoni*, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and grant of summary judgment, *id.* at 816. We review for abuse of discretion the district court's denial of a motion to reopen. *Weeks v. Bayer*, 246 F.3d 1231, 1234 (9th Cir.2001). We affirm.

█ The district court did not err when it granted summary judgment in favor of Columbia Towing because Columbia Towing demonstrated that it complied with its contractual and statutory obligations during the period it had custody of Gotcher's vehicle and Gotcher failed to support his allegations that the vehicle was damaged while in Columbia's custody. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Contrary to Gotcher's contentions, the towing company was not required to send notice to him, the vehicle's registered owner, at King County Jail rather than to his home address as provided in the state's vehicle registration records and as required by Wash. Rev.Code § 46.55.110. Gotcher did not demonstrate that Columbia Towing knew that the registered owner of the vehicle was incarcerated at the County Jail at the time it sent out notice, and *Nelson v. Hall*, 368 F.2d 103, 107 (9th Cir.1966), holds that there is no civil rights violation when notice is sent, pursuant to similar statutory requirements, to the registered owner's address as it appears in the vehicle registration records rather than to the prison where the owner is languishing.

█ The district court did not err when it dismissed the claims against King County Jail with prejudice, because Gotcher failed to state a claim against the Jail within the three-year statute of limitations. *See* Wash. Rev.Code § 4.16.080(2) (setting forth statute of limitations); *see also Cline v. Brusett*, 661 F.2d 108, 110 (9th Cir. 1981). Gotcher contends that he made a timely claim against the County when he filed an administrative claim, albeit with the wrong agency. This contention fails because his administrative claim did not concern the mistreatment allegations that he now attempts to relate back to his original complaint.

█ To the extent Gotcher appeals the district court's refusal to reopen his settlement agreement with the City of Seattle, Seattle Police Department and the individual police officers, he made no showing that he entered into the settlement agreement involuntarily or was mentally impaired. The district court did not commit "clear error" when it denied reopening. *Weeks*, 246 F.3d at 1236.

Gotcher's remaining contentions are also without merit.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.