**Merrel J. CLINE, Plaintiff-Appellant,**

v.

**Morris L. BRUSETT et al.,
Defendants-Appellees.**

**No. 80–3043.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 8, 1981.

Decided Nov. 9, 1981.

Rehearing Denied March 11, 1982.

---

Merrel J. Cline, pro se.

Gary Graham, Garlington, Lohn & Robinson, Missoula, Mont., for defendants-appellees.

Before SNEED and BOOCHEVER, Circuit Judges, and CRAIG *, District Judge.

* Honorable Walter E. Craig, Senior United States District Judge, District of Arizona, sitting by designation.

CRAIG, District Judge.

Appellant appeals from the district court's dismissal of a complaint he filed pursuant to 42 U.S.C. § 1983. The complaint was amended twice. In its final form it contained 15 causes of action and named 65 defendants, including the Attorney General of the State of Montana, many of his assistants and investigators, several county attorneys, sheriffs and judges, and the warden of the state prison.

The thrust of the complaint is that appellees conspired to have appellant convicted of groundless charges stemming from two prosecutions, and to deny him fair trials by, among other things, bribing witnesses, stirring up media attention adverse to him, and knowingly presenting false evidence and perjured testimony to the juries hearing his cases.

The district court dismissed the action, primarily for the reason that the Montana two year statute of limitations, M.C.A. § 27–2–211(1)(c), had run before the complaint was filed. Other reasons for dismissal included failure to serve process, prosecutorial immunity, and failure to state a claim under 42 U.S.C. § 1983.

We find that 13 of the 15 causes of action are barred by the statute of limitations but that two, causes 11 and 12, are not. We therefore affirm in part and reverse in part the district court's dismissal of the appellant's complaint and remand the case to the district court for further proceedings.

The first eight causes of action in appellant's complaint relate to his first conviction on July 1, 1975 of one count of obtaining money by false pretenses. The remaining seven causes of action relate to his second conviction on June 5, 1976 of one count of conspiracy to solicit perjury.

*The First Conviction Causes of Action*

Appellant was sentenced on his first conviction on July 14, 1975 to 14 years imprisonment. He began serving his sentence the same day.

Appellant filed his § 1983 complaint on October 16, 1978. In the opinion of the Court, the following analysis demonstrates that all eight causes of action relating to appellant's first conviction are barred by the statute of limitations.

The statute of limitations for actions brought under 42 U.S.C. § 1983 is determined by state law. *Strung v. Anderson*, 452 F.2d 632 (9th Cir. 1971). The Montana statutes provide a two year period of limitations for actions created by statute. M.C.A. § 27–2–211(1)(c). Thus, the statute of limitations applicable to appellant's § 1983 complaint is two years.

While state law determines the period of limitations, federal law determines when a cause of action accrues. *Briley v. State of California*, 564 F.2d 849 (9th Cir. 1977). Under federal law, a cause of action generally accrues when a plaintiff knows or has reason to know of the injury which is the basis of his action. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980); *Bireline v. Seagondollar*, 567 F.2d 260 (4th Cir. 1977).

We hold that causes 1, 2, 4, 5, 6 and 7 accrued no later than the date the jury found appellant guilty, July 1, 1975. This is the latest date by which appellant knew or had reason to know of the injuries which were the bases for those causes of action. Since appellant's complaint was filed more than two years after July 1, 1975, those causes of action are barred by the statute of limitations. Appellant may not invoke M.C.A. § 27–2–401(1), the Montana statute which tolls the statute of limitations while a person is in prison, because he was not under a disability, imprisonment, when his causes of action accrued. *See* M.C.A. § 27–2–401(3).

The two causes of action relating to appellant's first conviction which remain are causes 3 and 8.

Cause 3 appears to be a malicious prosecution action. A malicious prosecution cause of action does not accrue until the case has been terminated in favor of the accused. *Singleton v. City of New York*, 632 F.2d 185 (2nd Cir. 1980). In the case of reversal on appeal, the cause accrues when

the appellate decision is rendered. Restatement, Second, Torts, § 653; *Malicious Prosecution-Probable Cause*, § 3, 86 A.L.R.2d 1090, 1094.

Appellant's conviction was reversed by the Supreme Court of Montana on October 16, 1976. His malicious prosecution accrued, therefore, on that day. Appellant was in prison on that day (he was not released until November 18, 1976). This fact brings into play M.C.A. § 27–2–401, the Montana tolling statute.

M.C.A. § 27–2–401(1) provides that the time of a disability, such as imprisonment, is not part of the time limited for commencing an action *except* that the time so limited cannot be extended in any case more than one year after the disability ceases. Appellant was released from prison on November 18, 1976. Thus the tolling could not in any case extend beyond November 17, 1977, one year after his disability ceased. Since appellant's complaint was not filed until October 16, 1978, the Montana tolling provisions are inapplicable to appellant's third cause of action. This cause accordingly accrued on October 16, 1976, the date the Supreme Court of Montana reversed appellant's conviction. Because appellant's § 1983 complaint was filed on October 16, 1978, it was filed one day beyond the two year statute of limitations and is barred.

A similar analysis holds true for the remaining cause of action, cause 8, relating to appellant's first conviction. Cause 8 appears to be a false imprisonment claim. It accrued on July 14, 1975, the date appellant was imprisoned, as that is the date appellant knew or had reason to know of his injury. *Lavellee; Bireline*, supra. Appellant was released from prison on November 18, 1976. Pursuant to M.C.A. § 27–2–401(1), the tolling cannot extend beyond November 17, 1977. Therefore, since appellant's false imprisonment cause of action accrued on July 14, 1975 and his complaint was not filed until October 16, 1978, cause 8 is barred by the Montana two year statute of limitations.

In conclusion, the first eight causes of action of appellant's § 1983 complaint, which causes relate to his July 1, 1975 conviction, are barred by the statute of limitations.

*The Second Conviction Causes of Action*

On August 27, 1975, while appellant was in prison on the July 1, 1975 conviction and sentence, additional charges were brought against him. These charges included conspiracy to assassinate the Attorney General of the State of Montana and conspiracy to solicit perjury. Appellant was convicted on June 5, 1976 of one count of conspiracy to solicit perjury. He was acquitted on the eight other counts. On June 18, 1976, he was sentenced to six years imprisonment on the perjury charge, that sentence to run consecutive to his 14 year sentence on the first conviction.

In the opinion of the Court, causes of action 9, 10, 13, 14 and 15 relating to appellant's second conviction are barred by the Montana two year statute of limitations.

Causes 13, 14 and 15 accrued no later than the date the jury found appellant guilty, June 5, 1976. This is the latest date by which appellant knew or had reason to know of the injuries which were the bases for those causes of action. Because appellant's complaint was filed more than two years after June 5, 1976, those causes of action are barred. Appellant may not invoke the Montana tolling provisions because his disability, imprisonment, ceased on November 18, 1976, the date he was released from prison on his first conviction and granted a $5,000.00 appeal bond on his second conviction. Pursuant to M.C.A. § 27–2–401(1), the tolling could not extend beyond November 17, 1977. Since appellant's complaint was filed on October 16, 1978, the Montana tolling provisions are inapplicable to his 13th, 14th and 15th causes of action and they are barred.

Cause 9 and 10, like causes 11 and 12, appear to be malicious prosecution claims. For the following reasons, we hold that causes 9 and 10 are barred by the statute of limitations but that causes 11 and 12 are not.

Initially it should be pointed out that we believe appellant's malicious prosecution allegations are cognizable under 42 U.S.C. § 1983. The general rule is that malicious prosecution does not constitute a deprivation of life, liberty or property without due process of law and, therefore, is not cognizable under 42 U.S.C. § 1983. *Paskaly v. Seale,* 506 F.2d 1209 (9th Cir. 1974). However, an exception to this rule exists for malicious prosecutions conducted with the intent of denying a person equal protection or which otherwise subject a person to a denial of constitutional rights. *Norton v. Liddel,* 620 F.2d 1375 (10th Cir. 1980); *Beker Phosphate Corporation v. Muirhead,* 581 F.2d 1187 (5th Cir. 1978). In this case an interest in liberty was impaired under circumstances in which appellant's allegations strongly suggest that a post-deprivation hearing under state law would not afford him constitutionally required due process.

Causes 9 and 10 contain allegations of improprieties relating to the charges of which appellant was acquitted on June 5, 1976, the conspiracy to assassinate charges. Acquittal terminated part of the prosecution in favor of appellant. Thus his causes of action relating to that part of the prosecution accrued on June 5, 1976. *Singleton,* supra. Since his complaint was not filed until October 16, 1978, causes 9 and 10 are barred by the two year statute of limitations. Again, for the same reasons appellant could not invoke the tolling provisions for causes 13, 14 and 15, he may not invoke them for causes 9 and 10.

Causes 11 and 12, unlike causes 9 and 10, contain allegations of improprieties relating to the charge of which appellant was convicted on June 5, 1976, the conspiracy to solicit perjury charge. This part of the prosecution was not terminated in favor of appellant until February 7, 1979, the date the Supreme Court of Montana reversed appellant's second conviction. Thus his causes of action relating to this part of the prosecution did not accrue until February 7, 1979. *Singleton,* supra. Causes 11 and 12 are, therefore, not barred by the statute of limitations and dismissal of them was error.

This case is remanded to the district court. On remand the district court should order dismissed from causes 11 and 12 those defendants who enjoy absolute immunity under *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), for the initiation and presentation of the prosecution. The issue of good faith immunity under *Dodd v. Spokane County, Washington,* 393 F.2d 330 (9th Cir. 1968) for actions taken in the investigative phase of the prosecution may be presented for determination by the trial court.

The district court should also order appellant to serve process within 90 days of a date set by the district court on any remaining defendants who as yet have not been served.

This case is affirmed in part, reversed in part, and remanded for further proceedings not inconsistent with this opinion.