**Darlene Ann RULEY, Plaintiff,**

v.

**Gregory NELSON, Police Officer; John Slansky, Warden; Eugene Ewing, Captain; Edward Forrest, Lieutenant, Defendants.**

**No. CV–R–84–346–ECR.**

United States District Court,
D. Nevada.

June 28, 1985.

Stephen Mark Stephens, Carson City, Nev., for plaintiff.

D. Brian McKay, Atty. Gen. of Nev. by Douglas E. Walther, Deputy Atty. Gen., Dept. of Motor Vehicles, Carson City, Nev., for Gregory Nelson.

Brian McKay, Atty. Gen. of Nev. by Arthur G. Noxon, Deputy Atty. Gen., Carson City, Nev., for Slansky, Ewing and Forrest.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., District Judge.

Motions to dismiss have been filed by defendant Nelson and by the other three defendants. Both motions are based on Fed.R.Civ.P. 12(b)(6) and 4(j). The Rule 12(b)(6) ground for dismissal is that the statute of limitations bars the action. Failure to effect timely services of process on the defendants is the ground for the Rule 4(j) motions. The plaintiff has moved the Court to decide both motions together. None of the defendants have opposed the motion, therefore this Memorandum Decision and Order shall encompass the motions of all the defendants.

The verified complaint is based on 42 U.S.C. § 1983. It alleges that the plaintiff was arrested on June 22, 1981, under a warrant charging her with smuggling prescription medications into the Northern Nevada Correctional Center during her visits with her son, who was an inmate there. She was taken to jail, booked and interrogated. Also, her purse was searched. Several hours later she was released on her own recognizance. Local news media broadcast the news of her arrest. On August 17, 1981, the charge was dismissed in justice court for insufficient evidence to establish probable cause to bind her over

for trial. The affidavit supporting the arrest warrant allegedly was based on an inadequate investigation and information from an unreliable informant. The complaint alleges that the plaintiff's Fourth, Fifth and Fourteenth Amendment rights were violated by her arrest without probable cause, an illegal search of her purse, and deprivation of her liberty without due process of law. Said pleading was filed August 16, 1984. The defendants were not served until January 18, 1985.

*Statute of Limitations*

The defendants contend that the three-year statute of limitations for § 1983 actions started to run on June 22, 1981, the date of the plaintiff's arrest. At that time she knew or had reason to know of the injuries upon which her lawsuit is based, according to the defendants.

Both sides seem to agree that this civil rights action is based on allegedly tortious conduct that amounts to false arrest, false imprisonment, defamation and malicious prosecution. The plaintiff urges that the acts of the defendants constituted a continuing violation of her rights, the last overt act of which was the dismissal of the charges against her on August 17, 1981. The filing of her complaint on August 16, 1984, therefore, just avoided the bar of the three-year limitation statute, in her view.

For the determination of the proper statute of limitations, a § 1983 action is characterized by federal standards. *Wilson v. Garcia,* —— U.S. ——, 105 S.Ct. 1938, 1944, 85 L.Ed.2d 254 (1985). A simple, broad characterization best fits the statute's remedial purpose, regardless of the nature of the alleged incursions against the plaintiff's constitutional rights. *Id.* at 1945. Parenthetically, it is noted that the *Wilson* opinion (decided April 17, 1985) requires that the state statute of limitations for the recovery of damages for personal injuries govern § 1983 actions. *Id.* at 1947 and 1949. Thus, in the future the limitation period in Nevada will be two years. NRS 11.190(4)(e). However, the instant action was commenced prior to the *Wilson* decision, so that the three-year limitation

specified in NRS 11.190(3)(a) for liability created by statute is controlling. *Mason v. Schaub,* 564 F.2d 308, 309 (9th Cir.1977).

Although state law governs the length of the limitations period, federal law determines when that period begins to run. *Cline v. Brusett,* 661 F.2d 108, 110 (9th Cir.1981); *Compton v. Ide,* 732 F.2d 1429, 1432 (9th Cir.1984). Both *Cline* and *Compton* point out that the general federal rule is that a limitations period commences to run when the plaintiff knows or has reason to know of the injury which is the basis for her lawsuit. False arrest and illegal search are complete upon occurrence, so that the cause of action is deemed to accrue when such a wrongful act occurs. *Venegas v. Wagner,* 704 F.2d 1144, 1146 (9th Cir.1983). A claim for relief based on false imprisonment accrues upon the plaintiff's release from detention. *Jastrzebski v. City of New York,* 423 F.Supp. 669 (S.D.N.Y.1976). The limitation period begins to run for defamation at the time of the first general distribution of the publication to the public. *Fleury v. Harper & Row, Publishers, Inc.,* 698 F.2d 1022, 1027 (9th Cir. 1983). The three-year statute of limitations clearly bars the plaintiff's claim for relief based on those tortious acts, in this case.

A malicious prosecution cause of action does not accrue until the case has been terminated in favor of the accused. *Cline v. Brusett, supra* at 110. Since the criminal charge against the plaintiff herein was dismissed less than three years prior to the filing of the complaint, her action would seem not to be time-barred if it sounds in malicious prosecution. However, the Ninth Circuit also has indicated that proceedings in state court do not affect a § 1983 violation; therefore, insofar as malicious prosecution is concerned, the date the criminal charge was filed against the plaintiff is determinative. *Gowin v. Altmiller,* 663 F.2d 820, 822 (9th Cir.1981); *see also Strung v. Anderson,* 452 F.2d 632, 633 (9th Cir.1971). This latter rule seems to be in accord with the principle propounded in *Wilson v. Garcia, supra* at 105 S.Ct. 1945,

that civil rights violations of all types should fall into the simple, broad characterization of violations under authority of state law of rights secured by the Constitution. If that is so, the plaintiff's civil rights action would seem to be barred, even to the extent it is based on conduct amounting to malicious prosecution. This issue is far from clear-cut, however.

The case of *Bretz v. Kelman,* 722 F.2d 503 (9th Cir.1983), creates even more uncertainty in connection with the allegations of malicious prosecution. On page 505 the opinion states: "In this circuit, facts alleging the common law tort of malicious prosecution alone are insufficient to state a deprivation of constitutional rights." Additional constitutionally protected interests must be implicated for a § 1983 action to lie. *Id.* An example would be the denial of a fair trial through the bribing of witnesses, presenting of false evidence and giving of perjured testimony. *Cline v. Brusett,* 661 F.2d 108, 110, 112 (9th Cir. 1981). In the plaintiff's case no trial was ever had, for she was not even bound over. Therefore, the rule of *Bretz v. Kelman* that malicious prosecution will not give rise to a federal civil rights action would seem to hold sway. Further, the *Bretz* opinion indicates that protection of one's reputation and privacy is not constitutionally protected. 722 F.2d at 505. *Bretz,* however, is not usable as precedent for any holding contained in its opinion. This is because the case, along with two others, has been withdrawn by the Ninth Circuit for rehearing *en banc, sub nom Haygood v. Younger,* 729 F.2d 613 (9th Cir.1984).

In light of the uncertain status of the law concerning the statute of limitations bar insofar as it pertains to a civil rights claim involving malicious prosecution, the Court will not determine the defendants' Rule 12(b)(6) motions. Instead, it will go on to their motions grounded on Rule 4(j).

*Timeliness of Service*

Fed.R.Civ.P. 4(j) reads:

Summons: Time Limit for Service. If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

Plaintiff's counsel has acknowledged that he "was totally and completely unaware of Fed.R.Civ.P. 4(j)." Although he passed the Nevada bar exam in 1970, he explains that the bulk of his experience has been in the State courts and Bankruptcy Court. The Nevada Rules of Civil Procedure don't have an equivalent to federal Rule 4(j). He was not in a hurry to effect service in this case because he felt more time was needed to learn about the case. The plaintiff didn't come to him until the day before the complaint was filed. The filing itself was hurried in order to beat the three-year statute of limitations. Although the complaint was filed August 16, 1984, it wasn't until about January 15, 1985, that copies of summons and complaint were sent to the Sheriff's office for service. Service on all four defendants was effected January 18, 1985.

■■■ The plaintiff's attorney is charged with the responsibility of obtaining prompt service of summons and complaint. Fed.R. Civ.P. 4(a). Further, if service is not effected within 120 days after the filing of the complaint, the plaintiff has the burden of establishing "good cause" for the delay. *Coleman v. Greyhound Lines, Inc.,* 100 F.R.D. 476, 478 (N.D.Ill.1984). If she fails to sustain that burden, dismissal of the action is mandatory. *Id.; Wei v. State of Hawaii,* 763 F.2d 370, 372 (9th Cir.1985); 1982 U.S.C.Cong. & Ad.News 4434, 4441.

■■ Rule 4(j) is meant to be strictly construed. *Burks v. Griffith,* 100 F.R.D. 491, 492 (N.D.N.Y.1984). Nevertheless, the unusual history of the rule would make understandable some confusion as to what version of the rule was in effect and its effective date. *See Arroyo v. Wheat,* 102 F.R.D. 516, 518 (D.Nev.1984); *Wei v. State of Hawaii, supra* at 372. This is because Congress, in an unusual action, first post-

poned the effective date of amendments to Rule 4 proposed by the U.S. Supreme Court, and then enacted its own modifications with yet another effective date. *See Peters v. E.W. Bliss Co., a Div. of Gulf,* 100 F.R.D. 341, 342 n. 1 (E.D.Pa.1983). As a result, there could have been a temporary question as to which version was finally adopted and as to whether the effective date was August 1, 1982, October 1, 1983, or February 26, 1983. Since the effective date was February 26, 1983, however, it would not be understandable for the plaintiff's attorney still to be confused in August 1984, and he does not claim that any such confusion existed in his mind. His statement that he was unaware of the existence of Rule 4(j) amounts to an admission of ignorance of the law. It has been a long-standing principle of jurisprudence, in both civil and criminal cases, that ignorance of the law is no excuse. *Barlow v. United States,* 32 U.S. (7 Pet.) 404, 411, 8 L.Ed. 728 (1833); *United States v. International Min'ls Corp.,* 402 U.S. 558, 563, 91 S.Ct. 1697, 1701, 29 L.Ed.2d 178 (1971).

 In *Wei,* the Ninth Circuit stated that a desire to amend the complaint did not constitute "good cause" for delay. This is analogous to the desire of the plaintiff's attorney herein to learn more about the case. It has been held repeatedly that inadvertence of counsel does not qualify as "good cause." *Wei v. State of Hawaii, supra* at 372; *Coleman v. Greyhound Lines, Inc., supra* at 477; *Geller v. Newell,* 602 F.Supp. 501, 502 (S.D.N.Y.1984). "Inadvertence" may be defined as "lack of attention" or "carelessness." *Black's Law Dict.,* 4th Ed. Negligence by an attorney is not "good cause," either. *Matter of Russell,* 50 Or.App. 27, 621 P.2d 1221, 1223 (1981). In the *Wei* case, as in the within action, no attempt was made to serve the defendants within the 120-day limit prescribed by Rule 4(j). The result must be the same in both cases.

IT IS, THEREFORE, HEREBY ORDERED that the defendants' motions to dismiss the action for failure of the plain-

tiff to effect timely service of process upon them be GRANTED.

IT IS FURTHER ORDERED that this action be, and the same hereby is, DISMISSED without prejudice, pursuant to Fed.R.Civ.P. 4(j), as to all defendants.