**PHILIPP BROTHERS, INC., its successors, assigns and all those who have or may ultimately have an interest in this action, Plaintiff,**

**v.**

**M/V MERKUR BAY, her engines, furnishings, tackles, etc., In Rem; and Wilmington Stevedores, Inc., a corporation, Defendants.**

**Civ. A. No. 85–402–JRR.**

United States District Court, D. Delaware.

July 1, 1986.

John C. Phillips, Jr. of Phillips & Snyder, Wilmington, Del., for plaintiff.

John G. Mulford of Theisen, Lank, Mulford & Goldberg, Wilmington, Del. (James W. Johnson of White & Williams, Philadelphia, Pa., of counsel), for defendant Wilmington Stevedores, Inc.

ROTH, District Judge.

This is an admiralty action brought by Philipp Brothers, Inc., against the vessel Merkur Bay *in rem* and against Atlantic Seaway Reefer Services, Inc.; Merkur Bay Shipping Corp.; and Wilmington Stevedores, Inc., to recover $12,601.95 in damages to a cargo of coiled steel wire rods. The complaint was filed on July 8, 1985, and an amended complaint on July 11, 1985.

No further action was taken in this case, after the filing of the amended complaint, until October 21, 1985, when the Court wrote to plaintiff's attorney, citing Local Rule 5.2 [1], and requesting that the Court be provided by October 31 with an explanation of why so little had taken place. On Octo-

1. 5.2 *Dismissal for Failure to Prosecute.* All    cases are reviewed periodically as to status by

ber 30, 1985, plaintiff's attorney responded by letter that plaintiff had hoped that the matter could be amicably resolved without the necessity of an expensive and time-consuming service of process procedure but that settlement had not occurred. Plaintiff for the first time on October 30 filed a Praecipe and had summonses issued for service of the amended complaint upon the defendants.

Service was made upon defendant Wilmington Stevedores, Inc., by serving its registered agent in Wilmington, on November 25, 1985, 137 days after the amended complaint was filed. Plaintiff made no motion under Fed.R.Civ.P.Rule 6(b) to enlarge the 120 day period, provided for under Rule 4(j)[2] for making service of the summons and complaint. Wilmington Stevedores, Inc. on January 8, 1986, answered the complaint with a general denial, accompanied by 17 affirmative defenses. On February 7, 1986, Wilmington Stevedores filed a motion to dismiss the complaint against it on the ground that service had not been made within the time limits of Rule 4(j)[3].

On April 23, 1986, default judgment was awarded to plaintiff against defendants Merkur Bay Shipping Corp. and Atlantic Seaway Reefer Services, Inc., in the sum of $12,601.95.

Presently before the Court is defendant Wilmington Stevedore's motion to dismiss for plaintiff's failure to make service upon it within 120 days. We will grant the motion and dismiss the complaint against Wilmington Stevedores without prejudice.[4]

If service of the summons and complaint is not made within 120 days, Rule 4(j) provides that the complaint will be dismissed without prejudice unless the party required to make service shows "good cause" why such service was not made.

Subsection (j) of Rule 4 was part of the 1983 amendments to the Federal Rules of Civil Procedure which amendments were designed to relieve the United States Marshals of the burden of serving summonses and complaints in private civil actions. 2 *Moore's Federal Practice* ¶ 4.01[33.-3]. Prior to the 1983 amendments, Rule 4 did not contain a time limit within which service had to be completed. Subsection (j) was added to require that service of the summons and complaint be made within 120 days of the filing of the complaint. The policy behind the 120 day limit is primarily "to encourage prompt movement of civil actions in federal courts." *Ibid.* For this reason, the absence of prejudice to defendant, if the 120 day limit is exceeded, would not appear to be a relevant consideration. 2 *Moore's Federal Practice* ¶ 4.46, n. 4. Moreover, the language of Rule 4(j), providing for dismissal unless good cause is shown, appears to be mandatory, rather than discretionary. *Norlock v. City of Garland*, 768 F.2d 654, 657 (5th Cir.1985). *Wei v. Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985). *Shuster v. Conley*, 107 F.R.D. 755 (W.D.Pa.1985).

As to what constitutes "good cause" for failure to effect service within 120 days, the legislative history of Rule 4(j) provides us with only one example: defendant's eva-

the judge to whom they are assigned, and counsel shall be required to explain any delay.... [I]n each case pending wherein no action has been taken for a period of three months the Court may, on its motion, or upon application of any party, and after reasonable notice, enter an order dismissing such cause, unless good reason for the inaction is given.

**2.** *Summons: Time Limit for Service.* If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed

as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion. This subdivision shall not apply to service in a foreign country pursuant to subdivision (i) of this rule.

**3.** Plaintiff does not argue that defendant Wilmington Stevedores has waived its Rule 4(j) right to dismissal by first filing an answer on the merits.

**4.** Both plaintiff and defendant Wilmington Stevedores agree here that if the complaint is dismissed, plaintiff will be barred by the statute of limitations from refiling against Wilmington Stevedores.

sion of service. 1982 U.S.Code Cong. & Ad.News, 4434, 4446, n. 25. We have more information concerning what is not "good cause." Inadvertence or heedless nonservice has consistently been held not to be "good cause" for failure to serve. *Wei v. Hawaii, supra. Geller v. Newell,* 602 F.Supp. 501, 502 (S.D.N.Y.1984). *Shuster v. Conley, supra. Coleman v. Greyhound Lines, Inc.,* 100 F.R.D. 476, 477 (N.D.Ill. 1984).

> [T]his Court does not find that plaintiff had good cause for her failure to obtain service on defendant within the 120 day time period merely because the defendant has now been served and plaintiff had hoped that this matter would be settled without a trial. These arguments are not sufficient to demonstrate good cause to the Court.

*Davis-Wilson v. Hilton Hotels Corp.,* 106 F.R.D. 505, 509 (E.D.La.1985).

> In *Wei*, the Ninth Circuit stated that a desire to amend the complaint did not constitute "good cause" for delay. This is analogous to the desire of the plaintiff's attorney herein to learn more about the case. It has been held repeatedly that inadvertence of counsel does not qualify as "good cause."

*Ruley v. Nelson,* 106 F.R.D. 514, 518 (D.Nev.1985).

In the present case, plaintiff filed an affidavit setting forth its "good cause" for failing to make timely service of the complaint on Wilmington Stevedores:

> 3. At the time the Complaint and Amended Complaint were filed, plaintiff was unaware of the identity of the registered owner of the vessel, the M/V Merkur Bay. As a result, plaintiff deferred service of the Amended Complaint in the hope that the registered owner of the vessel could be located and the matter resolved amicably without the necessity of expensive litigation.

> 4. ·Plaintiff was unable to determine the name and address of the vessel's registered owner until October, 1985, at which time plaintiff learned that the registered owner was a Liberian corporation with its principal office in West Germany, which necessitated service of process pursuant to the provisions of the Hague Convention including, service of a German language translation of the Amended Complaint.

> 5. Immediately thereafter, plaintiff undertook to obtain such a German language translation of the Complaint, however, difficulties in obtaining a qualified translator were encountered.

> 6. Upon receipt of said German language translation, on or about November 25, 1985, plaintiff retained the services of a special process server and undertook service upon all defendants.

> 7. Service in the above-captioned matter was made upon all defendants as soon as practicable in light of all of the foregoing circumstances, including the fact that the owner of the vessel, the M/V Merkur Bay was a foreign corporation, thus necessitating service pursuant to the provisions of the Hague Convention.

The above recitation is somewhat disconcerting in view of the fact that the Amended Complaint, filed on July 11, 1985, contains in Paragraph 3 the correct identity of the vessel's registered owner, Merkur Bay Shipping Corp., along with the address in West Germany at which service was eventually made upon the owner.

We do not discount the difficulties which may be involved in translating pleadings or in making service in foreign countries. We do note, however, that Rule 4(j) specifically excludes service in a foreign country from its 120 day limit. Moreover, Wilmington Stevedores is not a foreign corporation. It is a Delaware corporation. The complaint was not and did not need to be translated into German for its benefit. The registered agent for service of process upon Wilmington Stevedores is located in Wilmington, only three or four blocks from the offices of plaintiff's attorney. The summons obtained by plaintiff on October 30, 1985, for effecting service on Wilmington Stevedores contains the correct address of the registered agent. At that time eight

**446**

days still remained for timely service under Rule 4(j) upon this defendant.

Apparently no effort at all was made to serve Wilmington Stevedores until November 25, 1985, 137 days after the filing of the amended complaint. We do not find plaintiff has shown good cause for failure to serve this defendant within the 120 day period permitted by Rule 4(j). We, therefore, will grant the motion of Wilmington Stevedores to dismiss without prejudice the complaint against it.