996 F.2d 1224
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul Steven GROOVER, Plaintiff-Appellant,
v.
COUNTY OF SAN DIEGO SHERIFF'S DEPARTMENT; City of San Diego
Police Department; Drug Enforcement Agency; San
Diego County District Attorney's Office,
et al., Defendants-Appellees.
 No. 92-55794.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1993.*
Decided June 14, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Paul Steven Groover appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action pursuant to Fed.R.Civ.P. 12(b)(6). Groover contends that the district court erred by dismissing his complaint without notifying him of the deficiencies of the complaint, or giving him an opportunity to amend. We have jurisdiction under 28 U.S.C. § 1291, and review de novo. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988).[1] We affirm in part, vacate in part, and remand.
 
 
 3
 Before dismissing a pro se civil rights complaint for failure to state a claim, the district court must give the plaintiff a statement of the complaint's deficiencies. Id. at 623-24. The district court also must allow the pro se litigant to amend his complaint, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 4
 The district court dismissed Groover's complaint for failure to state a claim. The district court determined that the complaint was irremediably deficient because (1) the statute of limitations had run on all but one of his claims, and (2) his remaining claim, malicious prosecution, is not cognizable under 42 U.S.C. § 1983, absent a showing that the intent of the prosecution was to deprive him of equal protection of the law. Groover was not notified of the complaint's deficiencies, nor given an opportunity to amend. In order to determine whether the district court erred in dismissing Groover's complaint, we must determine whether the deficiencies of the complaint could be cured by amendment. See Karim-Panahi, 839 F.2d at 623; Noll, 809 F.2d at 1448.
 
 STATUTE OF LIMITATIONS
 
 5
 Actions brought pursuant to 42 U.S.C. § 1983 are governed by state statutes of limitations for personal injury actions. Karim-Panahi, 839 F.2d at 627. The California statute of limitations for personal injury actions is one year. Cal.Civ.Proc.Code § 340 (West 1982). A cause of action generally accrues when a plaintiff knows or has reason to know of the injury which is the basis of his action. Cline v. Brusett, 661 F.2d 108, 110 (9th Cir.1981). However, a cause of action for malicious prosecution does not accrue until the case has been terminated in favor of the accused. Venegas v. Wagner, 704 F.2d 1144, 1146 (9th Cir.1983); Cline, 661 F.2d at 110.
 
 
 6
 Groover's complaint is based on a series of events that began in 1981. Groover alleges that he was ambushed and shot by police officers in an attempted drug sting in April of 1981. He further alleges that appellees falsified police reports about the incident, and maliciously recommended that criminal charges be filed. Groover fled to Mexico after the shooting. In 1989, Groover pleaded guilty to federal charges stemming from the 1981 incident, and was incarcerated until June 31, 1991. State charges were brought against Groover twice; the first trial resulted in a hung jury, and the second trial ended in a verdict of not guilty on October 31, 1991. Groover alleges that these charges were malicious, and that appellees presented perjured testimony, tampered with defense witnesses and withheld exculpatory evidence.
 
 
 7
 The claims based on the original shooting incident, the false police reports, and malicious indictment, are all barred by the statute of limitations. Groover filed his civil rights action on October 21, 1991, more than ten years after the original incident. Because this defect could not be cured by amendment, the district court did not err in dismissing these claims without leave to amend. See Noll, 809 F.2d at 1448. Because Groover's malicious prosecution claim accrued on October 31, 1990, that claim was timely filed. See Cline, 661 F.2d at 110.
 
 MALICIOUS PROSECUTION
 
 8
 Malicious prosecution does not generally constitute a deprivation of liberty without due process of law, and is not cognizable under 42 U.S.C. § 1983 if process is available within the state judicial system to remedy the wrongs alleged. Bretz v. Kelman, 773 F.2d 1026, 1031 (9th Cir.1985); Cline, 661 F.2d at 112. However, an exception exists when a malicious prosecution "is conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to a denial of constitutional rights." Bretz, 773 F.2d at 1031.
 
 
 9
 The district court dismissed Groover's malicious prosecution claim, holding that Groover had not stated a violation of the equal protection clause.[2] The court, however, did not give Groover an opportunity to correct the perceived deficiencies of his complaint. Given that opportunity, Groover might be able to state a cognizable claim under section 1983. See Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir.1992) (plaintiff is entitled to amend her complaint to allege that defendants conspired to fabricate evidence and try her on false charges), cert. denied, 113 S.Ct. 599, and cert. denied, 113 S.Ct. 600. Because Groover might be able to amend his complaint to state a claim that is cognizable under section 1983, the district court erred in dismissing his malicious prosecution claim without leave to amend. See id. at 795; Noll, 809 F.2d at 1448.
 
 
 10
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellees contend that Groover's notice of appeal was not timely, because it was filed more than 30 days after the district court's final order. However, because no separate judgment was filed in the district court, we find that Groover's notice of appeal is timely. Fed.R.App.P. 4(a)(7); Allah v. Superior Court, 871 F.2d 887, 890 (9th Cir.1989)
 
 
 [2]
 We note that the district court's reasoning for dismissing the equal protection claim was not sound. The district court stated that Groover could not amend his complaint to allege a denial of equal protection "because plaintiff is a white male." There is no requirement that plaintiffs alleging equal protection violations be non-white and/or female. See, e.g., Regents of the University of California v. Bakke, 438 U.S. 265 (1978)