36 F.3d 1102
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David CANTARELLA, Plaintiff-Appellant,
v.
David KUZEMCHAK, et al., Defendants-Appellees.
 No. 93-16333.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1994.*
Decided Sept. 29, 1994.
 
 Before: SNEED, WIGGINS and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Cantarella appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action as time barred. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm in part, vacate in part, and remand.[1]
 
 
 3
 * Background
 
 
 4
 On January 13, 1990, Cantarella was arrested and imprisoned on criminal charges of false imprisonment and sexual penetration. He was acquitted on March 28, 1990.
 
 
 5
 On March 17, 1992, Cantarella filed a complaint against two police officers, the alleged victim, Wendy Lyn Gay, and Doe defendants 1-10. In the complaint, Cantarella alleged that the defendants had falsely arrested, imprisoned, and maliciously prosecuted him. Cantarella also alleged a conspiracy between the defendants and Gay. On March 26, 1992, the district court found that Cantarella had failed to allege conspiracy with specificity and granted him 30 days in which to amend his complaint. No amended complaint was ever filed.
 
 
 6
 The defendant officers moved to dismiss the action as barred by Nevada's two-year statute of limitations. See Nev.Rev.Stat. Sec. 11.190(4)(e) (1991). On August 3, 1993, the district court granted the motion and dismissed the officers. On May 19, 1993, the court dismissed the complaint against Gay. Cantarella timely appeals.
 
 II
 Merits
 
 7
 Before dismissing a pro se civil rights complaint, the district court must give the plaintiff a statement of the complaint's deficiencies. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623-24 (9th Cir.1988). The district court also must allow the pro se litigant an opportunity to amend his complaint, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 A. Statute of Limitations
 
 8
 Actions brought pursuant to 42 U.S.C. Sec. 1983 are governed by state statutes of limitations for personal injury actions. Karim-Panahi, 839 F.2d at 627. The Nevada statute of limitations for personal injury actions is two years. See Nev.Rev.Stat. Sec. 11.190(4)(e) (1991). "While state law determines the period of limitations, federal law determines when the cause of action arises. Under federal law, a cause of action generally accrues when a plaintiff knows or has reason to know of the injury which is the basis of his action." Cline v. Brusett, 661 F.2d 108, 110 (9th Cir.1981). A cause of action for malicious prosecution, however, does not accrue until the case has been terminated in favor of the accused. Venegas v. Wagner, 704 F.2d 1144, 1146 (9th Cir.1983); Cline, 661 F.2d at 110.
 
 
 9
 Here, the district court correctly concluded that the statute of limitation barred Cantarella's action for false arrest and imprisonment. Cantarella knew or should have known of these causes of action on January 13, 1990 when he was arrested. See Cline, 661 F.2d at 110. Cantarella, however, failed to file his complaint until March 17, 1992, after Nevada's two-year statute of limitations had run. See Nev.Rev.Stat. Sec. 11.190(4)(e) (1991). Accordingly, we affirm the district court's dismissal of these claims as time barred.
 
 
 10
 The district court erred, however, by dismissing Cantarella's claim for malicious prosecution as time barred because the statute of limitations for malicious prosecution does not accrue until the case has been terminated in favor of the accused. Venegas v. Wagner, 704 F.2d 1144, 1146 (9th Cir.1983); Cline, 661 F.2d at 110. Here, the case was not terminated in Cantarella's favor until March 28, 1990 and thus Cantarella's March 17, 1992 complaint was timely as to the malicious prosecution cause of action.
 
 
 11
 Accordingly, we remand to the district court to give Cantarella an opportunity to amend his complaint to state a cognizable claim of malicious prosecution under section 1983. See Buckey v. County of Los Angeles, 968 F.2d 791, 794-95 (9th Cir.1992) (plaintiff is entitled to amend her complaint to allege that defendants conspired to fabricate evidence and try her on false charges), cert. denied, 113 S.Ct. 599, and cert. denied, 113 S.Ct. 600; Noll, 809 F.2d at 1448.[2]
 
 B. Conspiracy Claim Against Gay
 
 12
 To state a claim for conspiracy, the complaint must allege specific facts to support the existence of the conspiracy. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir.1980) (conclusory allegations of conspiracy are insufficient to state a claim under section 1983); Buckey, 968 F.2d at 794. Cantarella's complaint failed to allege specific facts to support the existence of a conspiracy between the officers or any other defendant and the alleged victim, Gay. Moreover, the district court informed Cantarella of this deficiency in his complaint, gave him the opportunity to amend, and warned him that failure to amend could result in the dismissal of Gay. Cantarella failed to amend his complaint, and the district court dismissed the action. We affirm. See Aldabe, 616 F.2d at 1092.
 
 
 13
 AFFIRMED in part, VACATED in part, and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Cantarella's prior appeal of this action was dismissed for lack of jurisdiction because there was a pending Fed.R.Civ.P. 59(e) motion. See Cantarella v. Kuzemchak, unpublished disposition No. 92-16466 (June 16, 1993). At the time, we also lacked jurisdiction over the appeal because the district court had not dismissed all of the defendants. See Maurer v. Los Angeles County Sheriff's Dep't, 691 F.2d 434, 435 n. 1 (9th Cir.1982) ("[a] dismissal as to some but not all defendants is not a final order as required by 28 U.S.C. Sec. 1291, and is not appealable"); Fletcher v. Gagosian, 604 F.2d 637, 638 (9th Cir.1979) (same). The district court's subsequent dismissal of all defendants, however, cured this jurisdictional defect. See Anderson v. Allstate Ins. Co., 630 F.2d 677, 680-81 (9th Cir.1980)
 
 
 [2]
 Malicious prosecution does not generally constitute a deprivation of liberty without due process of law, and is not cognizable under 42 U.S.C. Sec. 1983 if process is available within the state judicial system to remedy the wrongs alleged. Usher v. Los Angeles, 828 F.2d 556, 561-562 (9th Cir.1987); Bretz v. Kelman, 773 F.2d 1026, 1031 (9th Cir.1985); Cline, 661 F.2d at 112. An exception exists, however, when a malicious prosecution "is conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to a denial of constitutional rights." Bretz, 773 F.2d at 1031. See also Albright v. Oliver, 114 S.Ct. 807, 811 n. 4 (1994) (noting the "disagreement" among the circuits as to the availability of a claim for malicious prosecution under section 1983 and observing that "substantive due process may not furnish the constitutional peg on which to hang such a "tort"); Haupt v. Dillard, 17 F.3d 285, 290 n. 4 (9th Cir.1994) (citing Albright and noting that "[t]he constitutional foundation for a claim of malicious prosecution under section 1983 is matter of dispute")