37 F.3d 1507
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Monica A. VALLADARES, Plaintiff-Appellant,
v.
SUPERIOR COURT; Harold T. Alphonse; Santa Clara Land Title
Company; Coldwell Banker; Linda Kingsbury; District
Attorney Family Support Division; Pedro T. Valladares;
Georgina T. Valladares, Defendants-Appellees.
 No. 94-15202.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 4, 1994.*
Decided Oct. 6, 1994.
 
 Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Monica Valladares ("Valladares") appeals pro se the district court's dismissal of her 42 U.S.C. Sec. 1983 action as time barred. The district court also imposed sanctions pursuant to Fed.R.Civ.P. 11 after determining that Valladares' action was frivolous. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review the district court's dismissal of an action on statute of limitations grounds de novo. Donoghue v. Orange County, 848 F.2d 926, 929 (9th Cir.1987). We review for abuse of discretion the district court's imposition of Rule 11 sanctions. United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir.1992).
 
 
 4
 For section 1983 actions, federal courts apply the state statute of limitations for personal injury actions. McDougal v. County of Imperial, 942 F.2d 668, 672 (9th Cir.1991). In California, the applicable statute is Cal.Civ.Proc.Code Sec. 340(3) which provides for a limitations period of one year from the date the cause of action accrues. Id. For purposes of the statute of limitations, a cause of action accrues when the plaintiff knows or should have known of the injury which is the basis of his action. Cline v. Brusett, 661 F.2d 108, 110 (9th Cir.1981).
 
 
 5
 On May 3, 1991, the California superior court entered an order that expunged two lis pendens recorded by Valladares on a residence that was awarded to her ex-husband, Pedro Valladares ("Pedro"), during the couple's divorce proceedings in 1973. Concurrently, the state court also entered a separate order that acknowledged Pedro's satisfaction of a judgment for spousal and child support.
 
 
 6
 Valladares filed a complaint in district court pursuant to section 1983 under the belief that her constitutional rights were violated when the superior court entered its May 3, 1991 order. Valladares did not file her complaint until August 12, 1993. Because Valladares' complaint was filed outside of the one year limitation period, her section 1983 action was time barred. See McDougal, 942 F.2d at 672.[1]
 
 
 7
 With respect to the sanctions issue, the district court determined that Valladares' complaint was "spurious, vindictive and frivolous" and that she filed her complaint without sufficient investigation or research. The district court ordered Valladares to pay $20.00 to each defendant.
 
 
 8
 Sanctions may be imposed under Rule 11 for frivolous filings and filings made for an improper purpose. Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir.1991) (en banc). The district court correctly applied sanctions in this case based on Valladares' continuous litigation of similar claims for approximately twenty years and because Valladares' action clearly was time barred.
 
 
 9
 Accordingly, the district court did not err by dismissing Valladares' action and imposing Rule 11 sanctions.[2]
 
 AFFIRMED.[3]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, to the extent Valladares requests oral argument, this request is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We reject Valladares' contention that the doctrine of equitable tolling prevents the dismissal of her action. Valladares failed to allege any facts that satisfy the requirements for equitable tolling to apply. See Fobbs v. Holy Cross Health Sys. Corp., 29 F.3d 1439, 1444-46 (9th Cir.1994)
 
 
 [2]
 The district court also dismissed Valladares' action on the basis that she had filed a state court action that was almost identical to her federal court action. Because we hold that the district court was correct in finding Valladares' action time barred, we need not address this issue
 We also reject Valladares' contention that the district court judge should have disqualified himself from the proceeding because Valladares failed to show that disqualification was required. See United States v. Payne, 944 F.2d 1458, 1476 (9th Cir.1991), cert. denied, 112 S.Ct. 1598 (1992).
 
 
 [3]
 Furthermore, Valladares' request for judicial notice, notice of removal of action, and demand for jury trial are denied as moot