**David M. FINK, Plaintiff–Appellant,**

v.

**James Edmund FLYNN; et al., Defendants–Appellees.**

No. 02–15606.
DC# CV–00–00309–WBS.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided April 14, 2003.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

ORDER

The memorandum disposition filed on December 10, 2002, is withdrawn. The attached memorandum disposition is filed in its stead.

Fink's petition for panel rehearing is denied as moot.

No further filings will be accepted in this closed appeal.

MEMORANDUM**

Former California state prisoner David M. Fink appeals pro se the district court's judgment dismissing his civil rights action without leave to amend. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo dismissals for failure to state a claim, *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998) (order), and we review for abuse of discretion dismissals without granting leave to amend, *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). We affirm in part, reverse in part, and remand for further proceedings.

We affirm the dismissal because Fink's claims effectively challenged the fact or duration of his confinement resulting from a conviction at a second hearing, and Fink failed to allege the conviction at the second hearing had been invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 481, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). However, the conviction at the second hearing was invalidated. Therefore, the district court

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Fink's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**414**

should have granted leave to amend because Fink could have possibly cured the defects in his complaint by the allegation of other facts. *See Lopez,* 203 F.3d at 1127; *Cline v. Brusett,* 661 F.2d 108, 111–112 (9th Cir.1981) (claim pursuant to 42 U.S.C. § 1983 for malicious prosecution).

On remand, then, Fink must be allowed an opportunity to file an amended complaint. He may bring claims arising from either the first disciplinary proceeding, the second disciplinary proceeding, or both, in an amended complaint.

**AFFIRMED, in part, REVERSED, in part, and REMANDED.**