**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MYRNA LIM, | No. 10-16269 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-05083-CRB |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted January17, 2012[**]

Before:     LEAVY, TALLMAN, and CALLAHAN, Circuit Judges.

Myrna Lim appeals pro se from the district court's judgment dismissing her

action arising under various federal, state, and local laws, alleging numerous

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Accordingly, Lim's request
for oral argument is denied.

causes of action against the City and County of San Francisco, the San Francisco Ethics Commission and members of that Commission. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal, *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005), and we affirm.

The district court properly dismissed Lim's First Amendment claim because Lim failed to allege facts sufficient to show that her expressive conduct was a motivating factor for the alleged adverse action. *See Marez v. Bassett*, 595 F.3d 1068, 1074 (9th Cir. 2010).

The district court properly dismissed Lim's equal protection claim because Lim failed to allege facts sufficient to show that defendants acted with the intent to discriminate against her on the basis of her membership in a protected class or that she was similarly situated to candidates who received public funding. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005).

The district court properly dismissed Lim's due process claim because Lim failed to allege facts sufficient to show that she had any constitutionally protected interest in her reputation. *See WMX Techs., Inc. v. Miller*, 197 F.3d 367, 373 (9th Cir. 1999) (en banc).

The district court properly dismissed Lim's malicious prosecution claim as time-barred. *See Cline v. Brusett*, 661 F.2d 108, 110 (9th Cir. 1981) (a malicious

prosecution action accrues under federal law when the plaintiff knows or should know that the action has been terminated in her favor).

The district court properly dismissed Lim's conspiracy claim because the insufficiency of her allegations "to support a section 1983 violation precludes a conspiracy claim predicated upon the same allegations." *Cassettari v. Nevada County, Cal.*, 824 F.2d 735, 739 (9th Cir. 1987).

The district court did not abuse its discretion by dismissing Lim's complaint without leave to amend because Lim conceded at oral argument that there were no additional facts that she knew of which she could include in her amended complaint. *See Cato v. United States*, 70 F.3d 1103, 1106-07 (9th Cir. 1995) (dismissal without leave to amend is not an abuse of discretion where amendment would be futile).

Lim's remaining contentions, including those concerning her state and local law claims, are unpersuasive.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, nor arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Appellees' request for judicial notice, filed on January 12, 2011, is granted.

**AFFIRMED.**