**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

AUG 4 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KIMBERLY LONG,

        Plaintiff - Appellee,

  v.

THOMAS WEEKS; RONALD
ANDERSON; DANIEL BLOOMFIELD;
ROBERT NEWMAN; DANIEL
VERDUGO,

        Defendants - Appellants,

and

CITY OF CORONA, DOES, Unknown
Employees of the City of Corona,

        Defendants.

No. 24-4427

D.C. No.
5:21-cv-02008-FWS-E

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Fred W. Slaughter, District Judge, Presiding

Argued and Submitted July 16, 2025
Pasadena, California

Before: WARDLAW, MENDOZA, and JOHNSTONE, Circuit Judges.

---

     \*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Officers Thomas Weeks, Ronald Anderson, Daniel Bloomfield, Robert Newman, and Daniel Verdugo (collectively, "Defendant Officers") appeal the district court's denial of their motion to dismiss Kimberly Long's (1) fabrication of evidence, (2) suppression of evidence, (3) failure to collect and preserve evidence, and (4) malicious prosecution claims brought under 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

On interlocutory appeal from the denial of qualified immunity, we have jurisdiction only to resolve the "purely legal . . . contention that [the defendant's] conduct [,viewed in the light most favorable to the plaintiff,] did not violate the [Constitution] and, in any event, did not violate clearly established law." *Estate of Anderson v. Marsh*, 985 F.3d 726, 731 (9th Cir. 2021) (omission in original) (internal quotation marks and citation omitted). "We must affirm the district court's denial of qualified immunity if, resolving all factual disputes and drawing all inferences in [Long's] favor, [Defendant Officers'] conduct (1) violated a constitutional right that (2) was clearly established at the time of the violation." *Ballou v. McElvain*, 29 F.4th 413, 421 (9th Cir. 2022).[1] At the motion to dismiss stage, "[i]f the operative complaint contains *even one* allegation of a harmful act

---

[1] We have jurisdiction only over the "purely legal" question of whether Defendant Officers are entitled to qualified immunity. *See Estate of Anderson*, 985 F.3d at 731. Thus, to the extent that Defendant Officers improperly raise disputes of fact in their opening brief, we do not consider these arguments on appeal. *Id.*

that would constitute a violation of a clearly established constitutional right, then plaintiffs are entitled to go forward with their claims." *Keates v. Koile*, 883 F.3d 1228, 1235 (9th Cir. 2018) (internal quotation marks and citation omitted).

1.      That the district court accepted Long's second amended complaint does not moot this appeal. The second amended complaint was filed after the first notice of appeal and, thus, at a point when the district court was "divest[ed of] its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *see Long v. Weeks*, No. 23-55004, 2024 WL 1672258, at *1 (9th Cir. Apr. 18, 2024).

2.      Weeks is not entitled to qualified immunity on Long's fabrication-of-evidence claim. Long alleged facts sufficient to show that Weeks deliberately fabricated evidence and caused Long's deprivation of liberty by pressuring and manipulating multiple witnesses into creating a timeline that implicated Long. *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017) (citation omitted) (outlining the elements of a fabrication-of-evidence claim). And by 2003, the right not to be subjected to criminal charges on the basis of deliberately fabricated evidence was "clearly established." *Devereaux v. Abbey*, 263 F.3d 1070, 1074–75 (9th Cir. 2001) (en banc).

3.      Nor are Defendant Officers Weeks, Anderson, Newman, Verdugo, and Bloomfield entitled to qualified immunity on Long's suppression-of-evidence

claim. Long alleged facts sufficient to show that Weeks and Anderson violated *Brady v. Maryland*, 373 U.S. 83 (1963) by suppressing reports noting that there was "blood on every wall of the living room in a 360-degree radius," but that Long's jacket sat blood-free atop the bloody rug next to Conde's body. Similarly, Long alleged facts sufficient to show that Bloomfield, Anderson[2], and Newman violated *Brady* when they interviewed a key witness about her alibi prior to the witness's polygraph examination but then suppressed the witness's statements about her alibi "so that they could not be used by Long's defense." And Long alleged facts sufficient to show that Anderson, Newman, and Verdugo violated *Brady* by suppressing key physical evidence that, if tested, would have shown that other individuals had been present with Conde at the time of the crime. By 2003, it was clearly established that an officer's failure to turn over or record exculpatory evidence that they know is central to the defendant's defense is a *Brady* violation. *See Carillo v. County of Los Angeles*, 798 F.3d 1210, 1223 (9th Cir. 2015); *Mellen v. Winn*, 900 F.3d 1085, 1103 (9th Cir. 2018) (finding that by 1997 it was established law that "police officers had a duty to disclose material impeachment evidence" and noting that "[t]his is not an open question in our Circuit").

---

[2] Long also alleged facts sufficient to show that Anderson violated *Brady* by suppressing two police reports, one "reflecting that Anderson thought that [a key witness] was lying during the investigation" and another "indicating that Anderson wouldn't be surprised if [the witness] was involved in the murder."

4.     Defendant Officers Anderson, Newman, and Verdugo are not entitled to qualified immunity on Long's failure-to-collect-and-preserve-evidence claim. Long alleged facts sufficient to show that Anderson, Newman, and Verdugo failed to collect and preserve potentially exculpatory evidence by destroying a champagne bottle and cap which could have revealed material evidence, declining to test various critical surfaces, and pressuring witnesses to disregard timelines that exculpated Long and instead adopt timelines that implicated her. And by 2003, it was clearly established that a bad-faith failure to preserve or collect potentially exculpatory evidence was a constitutional violation. *Miller v. Vasquez*, 868 F.2d 1116, 1120 (9th Cir. 1989).

5.     Finally, Defendant Officers are not entitled to qualified immunity on Long's malicious-prosecution claim. "To maintain a § 1983 action for malicious prosecution, a plaintiff must show that the defendants prosecuted her with malice and without probable cause, and that they did so for the purpose of denying her [a] specific constitutional right." *Smith v. Almada*, 640 F.3d 931, 938 (9th Cir. 2011) (alteration in original) (internal quotation marks and citation omitted). Long's allegations regarding Defendant Officers' conduct with respect to her due-process claims sufficiently allege the elements of a malicious-prosecution claim. *See Lacey v. Maricopa County*, 693 F.3d 896, 919-20 (9th Cir. 2012). Long has sufficiently alleged that she is "not guilty of the offense charged and that the

proceedings have terminated in favor of the accused." *Id.* at 919 (internal quotation marks and citation omitted). And by 2003, the law prohibiting malicious prosecution was clearly established. *See, e.g.*, *Cline v. Brusset*, 661 F.2d 108, 112 (9th Cir. 1981); *Freeman v. City of Santa Ana,* 68 F.3d 1180, 1189 (9th Cir. 1995).

**AFFIRMED.**