Paul R. HOESTEREY, Plaintiff–
Appellant,

v.

The CITY OF CATHEDRAL CITY; Jack
R. Smith, Defendants–Appellees.

No. 90–55141.

United States Court of Appeals,
Ninth Circuit.

Submitted June 5, 1991.*

Decided Sept. 27, 1991.

Russell L. Davis, Palm Desert, Cal., for
plaintiff-appellant.

Larry J. Frierson, Liebert, Cassidy & Fri-
erson, Los Angeles, Cal., for defendants-
appellees.

Before FLETCHER and CANBY, Circuit
Judges, and McNICHOLS,** District
Judge.

FLETCHER, Circuit Judge:

Appellant Paul R. Hoesterey appeals the
district court's dismissal of his action
against the City of Cathedral City and its
City Manager, Jack R. Smith (collectively,
"the City"). Based on its determination
that the statute of limitations' period had
expired, the court below dismissed Hoester-
ey's claim seeking redress pursuant to 42
U.S.C. § 1983 for the alleged deprivation of
his due process rights caused by the City's
terminating his employment without a
hearing. On appeal, Hoesterey asserts
that the district court erred in calculating
the statute of limitations period from the
date that Hoesterey received notice of the
decision to terminate his employment rath-

---

* The panel finds this case appropriate for submis-
sion without oral argument pursuant to Ninth
Circuit Rule 34–4 and Fed.R.App.P. 34(a).

** Honorable Robert J. McNichols, Chief United
States District Judge for the Eastern District of
Washington, sitting by designation.

er than from his last date of employment. We agree, and reverse.

## BACKGROUND

According to the complaint filed in this action, Hoesterey held the position of Assistant City Manager of Cathedral City, a nonprobationary position from which he could be discharged only for cause. Beginning in January, 1985, Smith began to pressure Hoesterey to resign from his position. In October, 1986, Smith increased the pressure, insisting that Hoesterey leave by December 1 of that year. Smith allegedly secured his goal on November 28, 1986, when, because of coercion, intimidation, and threats that he would receive unfavorable recommendations unless he resigned immediately, Hoesterey involuntarily resigned, effective the last day of the month. He ceased work on November 30, 1986.

On November 30, 1987, Hoesterey filed suit in the Superior Court of the State of California. In his complaint, he asserted that his resignation constituted constructive termination, and that the City's failure to provide him with a pretermination hearing violated both the United States and the California constitutions. The City subsequently removed the action to the district court pursuant to 28 U.S.C. § 1441. There, on motion of the City, the district court dismissed Hoesterey's section 1983 claim based on its determination that the relevant statute of limitations period had expired. It remanded the remainder of Hoesterey's claims to California state court.

On appeal from this dismissal, this circuit stated that the one-year statute of limitations established in section 340(3) of the California Civil Procedure Code governed Hoesterey's section 1983 claim. We noted that if the limitations period were calculated to run from Hoesterey's last day of employment, rather than from the date of notice of the discharge, the complaint would have been timely filed.[1] We therefore remanded the action for the district court to consider on which of these dates the statute of limitations should begin to run. On remand, the district court concluded that the limitations period properly began to run from the date of notification of the discharge. It based this decision on its determination that Hoesterey should have known on that date that he would receive no further review of the notification decision. The district court therefore found its previous dismissal to be proper. Hoesterey appeals this determination.[2]

## DISCUSSION

We review *de novo* a district court's grant of a motion to dismiss based on the expiration of the relevant statute of limitations period. *Gibson v. United States,* 781 F.2d 1334, 1337 (9th Cir.1986), *cert. denied,* 479 U.S. 1054, 107 S.Ct. 928, 93 L.Ed.2d 979 (1987). Our review is based on the contents of the complaint, the allegations of which we accept as true and construe in the light most favorable to the plaintiff. *Love v. United States,* 915 F.2d 1242, 1245 (9th Cir.1989). Dismissal is proper only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Gibson,* 781 F.2d at 1337 (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)).

The time at which the statute of limitations period commences on a section 1983 claim for redress of a failure to grant a pretermination hearing is an issue of first impression in this circuit. While we rely on state law to determine the length of the statute of limitations period applicable to such a section 1983 claim, *see Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85

---

1. Hoesterey's last day of employment was November 30, 1986. He filed suit on November 30, 1987. Because November 29, 1987 was a Sunday, the filing of the suit on Monday, November 30, 1987, would have been timely if the limitations period was triggered by his last day of employment.

2. Hoesterey also argues that the statute of limitations period should be tolled on equitable grounds due to misrepresentations and threats made to him by Smith. Because we hold that the district judge improperly determined the commencement of the limitations period, we need not reach the issue of equitable estoppel.

L.Ed.2d 254 (1985), the determination of the point at which the limitations period begins to run is governed solely by federal law. *Gibson*, 781 F.2d at 1340. Under federal law, the touchstone for determining the commencement of the limitations period is notice: "a cause of action generally accrues when a plaintiff knows or has reason to know of the injury which is the basis of his action." *Cline v. Brusett*, 661 F.2d 108, 110 (9th Cir.1981).

█ Two Supreme Court decisions regarding the accrual of the limitation period in employment discharge actions direct our inquiry to determine the point at which Hoesterey's claim began to accrue: *Delaware State College v. Ricks*, 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980), and *Chardon v. Fernandez*, 454 U.S. 6, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981). In *Ricks*, plaintiff, a black Liberian, challenged his denial of tenure by the defendant college as discriminatory pursuant to title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000–e et seq. On the date that Ricks was formally notified of the denial of tenure he was offered a "terminal" contract to teach an additional year in a non-tenured capacity. If the relevant statute of limitations period were deemed to commence on the expiration of the terminal contract, Ricks' suit would have been timely filed; however, if that period were deemed to commence on notification of the denial of tenure, the suit would have been barred by the statute of limitations.

In determining which event commenced the running of the statute of limitations period, the Supreme Court directed that a court must first "identify precisely the 'unlawful employment practice' of which [the plaintiff] complains." *Ricks*, 449 U.S. at 257, 101 S.Ct. at 503. In Ricks' case, the Court stated, the challenged employment practice was the decision to deny tenure. According to the Court, because Ricks, on learning of the denial of tenure, would have notice of all the allegedly wrongful acts that he later sought to challenge, the statute of limitations must be deemed to commence at that time. *Id.* at 258, 101 S.Ct. at 504. The Court rejected Ricks'

contention that his actual termination should serve as the date his claim accrued because it was also motivated by discrimination and therefore constituted part of a continuing violation. According to the Court, the termination of Ricks' employment was not an independent discriminatory act, but merely the "delayed, but inevitable, consequence of the denial of tenure." *Id.* at 257–58, 101 S.Ct. at 504. The Court directed that "[m]ere continuity of employment, without more, is insufficient to prolong the life of a cause of action for employment discrimination." *Id.* at 257, 101 S.Ct. at 504.

The Supreme Court extended *Ricks'* holding in *Chardon v. Fernandez*, 454 U.S. 6, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981). In that case, administrators in the Puerto Rico Department of Education challenged the termination of their employment pursuant to section 1983 as politically motivated, in violation of their first amendment rights. The administrators were notified by letter of their impending termination on dates ranging from two weeks to two months prior to their last day of employment. On filing the action after termination, the employees contended that the statute of limitations period should begin to accrue on the date of their termination from employment, rather than the date on which they were notified of their impending termination.

On the basis of *Ricks*, the Supreme Court rejected their contention. Again, the Court's conclusion was based on the nature of the practice challenged by the plaintiffs as unlawful. The practice challenged in that case, according to the Court, was not the termination of employment, but the decision to terminate employment for political reasons. The Court therefore found *Ricks* indistinguishable from the first amendment claim before it because "in each case, the operative decision was made—and notice given—in advance of a designated date on which employment terminated." *Id.* at 8, 102 S.Ct. at 29. Since the decision to terminate for unlawful reasons, not the termination, itself, was the basis for the challenge, the Court held that the statute accrued from the time the plaintiffs received notice of the decision.

Applying the *Ricks/Chardon* analysis to the case at bar, we begin by "identify[ing] precisely 'the unlawful employment practice' " of which Hoesterey complains. *Ricks,* 449 U.S. at 257, 101 S.Ct. at 503. Here, Hoesterey contends that the City unlawfully failed to provide him with a pretermination hearing regarding its decision to terminate his employment. Unlike *Chardon* and *Ricks* in which the plaintiffs challenged the actual decision to terminate, here, the failure to provide the requisite procedure rather than the actual decision to terminate is at issue. *Ricks,* 449 U.S. at 258, 101 S.Ct. at 504. The different practices challenged in these cases necessarily affect the point in time at which the statute of limitations begins to accrue. *Accord Rubin v. O'Koren,* 644 F.2d 1023, 1026 (5th Cir.1981) (Hill, J., concurring). Because Hoesterey contests the lack of process accompanying his termination, in contrast to *Ricks* and *Chardon,* simple oral notification of the decision to terminate him at a later time would not alert him to the specific practices challenged here: the fact that no more process would be forthcoming prior to termination. Thus, the simple notification that he was being discharged at a later date would not be sufficient to trigger the statute of limitations period. *Accord id.*

Instead, to trigger the statute of limitations, Hoesterey needed to have received notice, not only of the termination decision, but also that the decision was final and that it would be followed by no further process. To alert Hoesterey to the accrual of his claims, this notice would need to be unequivocal, and communicated in a manner such that no reasonable person could think there might be a retreat or change in position prior to the termination of the employment decision. In the absence of such unequivocal notice, it would only be on the last day of employment that Hoesterey could become aware that the decision was final and that no further process could be forthcoming prior to termination. Accordingly, it would be only on this date that the statute of limitations period would begin to run.

Here, construing the allegations of the complaint in the light most favorable to Hoesterey, we find insufficient indication that Hoesterey received notice that the termination decision was final and would be accompanied by no further process. On the contrary, the complaint asserts that Hoesterey repeatedly requested that Smith provide him the written notification of termination required for City employees to appeal a termination decision. Nothing in the complaint suggests that Hoesterey was informed or should otherwise have known that he would receive neither such notification nor a pretermination hearing. Only when Hoesterey's employment was actually terminated, on his last day of work, did he know that he would receive no written notice or pretermination hearing. Accordingly, the district court erred in dismissing Hoesterey's section 1983 claim on statute of limitations grounds.

REVERSED.