USCA1 Opinion

 

 May 07, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-2165 MARIA DE LOS ANGELES-SANCHEZ, Plaintiff, Appellant, v. CARLOS ALVARADO, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Gilberto Gierbolini, U.S. District Judge] ___________________ ____________________ Before Selya, Circuit Judge, _____________ Coffin, Senior Circuit Judge, ____________________ and Boudin, Circuit Judge. _____________ ____________________ Juan G. Nieves Cassas for appellant. _____________________ Carlos Lugo Fiol, Assistant Solicitor General, with whom Anabelle ________________ ________ Rodriguez, Solicitor General, and Reina Colon de Rodriguez, Deputy _________ __________________________ Solicitor General, were on brief for appellee. ____________________ ____________________ COFFIN, Senior Circuit Judge. This appeal arises from _____________________ plaintiff Maria Sanchez's claim that Omar Santiago sexually harassed her and that their employer condoned his behavior. The district court dismissed the suit as time-barred. We vacate and remand. I. In 1988, Sanchez was employed at the Puerto Rico Electric Power Authority (PREPA). She alleged that from September 1988 for a period of approximately two years, Santiago, a fellow PREPA employee, harassed her sexually. The harassment included invitations to dinner and to accompany Santiago to a motel, wolf whistles, taunts, stalking, threats to harm her if Sanchez complained of his behavior, and a threat against Sanchez's boyfriend. Sanchez lodged a number of complaints against Santiago. In November 1988, Santiago met with his supervisor regarding Sanchez's complaints. He denied any wrongdoing. Sanchez filed complaints with the Equal Employment Opportunity Office (EEOC) of PREPA in December 1988 and May 1989. In July 1989, an EEOC officer allegedly attempted to persuade Sanchez to drop the charges against Santiago and recommended that she confront Santiago on her own. At some point in 1989, PREPA issued Santiago a warning to desist his behavior. Nonetheless, Santiago continued to harass Sanchez, and she filed a third EEOC complaint in April 1990. A drawn-out investigation followed. On July 2, 1990, Sanchez submitted a letter of resignation, effective July 20. She stated that Santiago's offensive behavior, compounded by PREPA's failure to discipline him, forced her to resign. On July 18, 1990, Sanchez met a final time with an EEOC officer. She left PREPA two days later. On July 17, 1991, Sanchez filed suit against Santiago and various other employees of PREPA (collectively "defendants"), alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 1983, and the Puerto Rico Civil Code.1 The basis for the suit was the sexual harassment, condoned by PREPA, that culminated in her constructive discharge. Defendants moved on various grounds to dismiss the suit. The motion was referred to a magistrate judge, who recommended that the Title VII claim be dismissed for Sanchez's failure to comply with administrative filing requirements and that the remaining claims proceed as timely filed. Defendants objected to the latter recommendation. The district court agreed with defendants and dismissed the entire complaint. Sanchez appeals only that portion of the order dismissing the section 1983 and tort claims as time-barred. II. We review the dismissal of plaintiff's suit under the summary judgment standard because the district court relied on ____________________ 1 Sanchez's sister Teresa also sued, claiming emotional distress damages incurred from supporting Sanchez through her ordeal. She was not, however, designated as an appellant in the notice to appeal. Accordingly, she is not a party to the present appeal. Pontarelli v. Stone, 930 F.2d 104, 108 (1st Cir. 1991). __________ _____ -3- material other than the pleadings to determine defendants' motion to dismiss. The federal rules of civil procedure provide that, on a motion to dismiss for failure to state a cause of action, if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . . ." Fed. R. Civ. P. 12(b)(6). Defendants' motion to dismiss therefore was converted to a motion for summary judgment. Our review of summary judgment is plenary, and we read the record in the light most favorable to the party contesting it. Pagano v. Frank, 983 F.2d 343, 347 (1st Cir. 1993). We affirm ______ _____ the decision below only if we are satisfied that there is no genuine dispute of material fact and that defendants are entitled to judgment as a matter of law. Advance Financial Corp. v. Isla _______________________ ____ Rica Sales, Inc., 747 F.2d 21, 26 (1st Cir. 1984). We now _________________ consider whether the district court erred in determining that Sanchez's suit was time-barred as a matter of law. The limitations period for a section 1983 claim is governed by the law of the forum state. Wilson v. Garcia, 471 U.S. 261, ______ ______ 276, 280 (1985). In Puerto Rico, the applicable statute of limitations is the one-year period established for tort actions. P.R. Laws Ann., tit. 31, 5298(2); Torres v. Superintendent of ______ _________________ Police, 893 F.2d 404, 406 (1st Cir. 1990). Accordingly, to be ______ timely filed, Sanchez's section 1983 and tort claims must have -4- accrued within one year of July 17, 1991, the date she filed suit. The district court found that Sanchez filed her suit late. Because Sanchez based her resignation on PREPA's failure to address her complaints against Santiago, the court concluded that the limitations period began on the date she learned that PREPA would not act and that this date was July 2, 1990, the date she tendered her resignation. It thus ignored evidence in the record of events following that date. Sanchez argues that the district court erred in finding that the limitations period commenced July 2. She contends that PREPA continued to refuse to discipline Santiago after that date. From 1988 through the date of her departure, Sanchez met with officers of PREPA several times to seek redress but failed, allegedly because of PREPA's ongoing policy not to discipline an employee affiliated with the Popular Democratic Party. Her last bid for action occurred July 18. Sanchez therefore asserts that, because PREPA's unlawful practice continued until she left, the limitations period did not begin to run until July 20. A claim alleging a violation that occurs over an extended period is timely so long as some of the challenged acts fall within the statutory period. See Bruno v. Western Electric Co., ___ _____ ____________________ 829 F.2d 957, 960 (10th Cir. 1987); Goldman v. Sears, Roebuck & _______ ________________ Co., 607 F.2d 1014, 1018 (1st Cir. 1979). This claim will not be ___ saved, however, if only the consequences of the alleged violation -5- fall within the limitations period. De Leon Otero v. Rubero, 820 _____________ ______ F.2d 18, 19 (1st Cir. 1987) (citations omitted). We conclude that Sanchez has raised sufficient questions regarding the continuation of PREPA's alleged violation to preclude summary judgment for defendants at this preliminary stage of the proceeding. After July 2, both Santiago's supervisor and the director of human resources assured Sanchez's supervisor that the investigation of her charges was still in progress. Sanchez also met with the EEOC on July 18, in an apparent last-ditch effort to determine whether relief could be obtained. A factfinder could determine that these events demonstrate foot-dragging by PREPA, consistent with Sanchez's theory that it did not want to discipline Santiago, or that they demonstrate that Sanchez could not be certain until after the July 18 meeting that PREPA would not act. Based on this record, we are persuaded that defendants have not shown that Sanchez's suit is time-barred as a matter of law.2 Defendants rely heavily on Delaware State College v. Ricks, ______________________ _____ 449 U.S. 250, 257-58 (1980), to argue that Sanchez cannot demonstrate a violation that continues past July 2. In our view, however, this case is distinguishable from Ricks. The plaintiff _____ there was denied tenure in March 1974. Following its usual practice, the college offered him a one-year terminal contract, which expired in June 1975. In April 1975, Ricks filed a charge ____________________ 2 Because we find that the district court was premature in determining the accrual date of Sanchez's claims, we need not discuss the issue of equitable tolling. -6- of discrimination with the EEOC. The Supreme Court held that the filing was not timely because Ricks's claim accrued from the date of the alleged discriminatory action -- the denial of tenure -- not from the date of actual termination, which was merely "a delayed, but inevitable, consequence" of the unlawful action. Id. at 257-58. __ The Court placed great emphasis on the finality and certainty of the college's decision to deny tenure, noting that it capped an "unbroken array of negative decisions." Id. at 262. __ No subsequent action by Ricks alone could secure tenure or prevent his eventual departure. We therefore understand Ricks to _____ require that a decision to terminate employment must be "unequivocal, and communicated in a manner such that no reasonable person could think there might be a retreat or change in position prior to the termination." See Hoesterey v. City of ___ _________ _______ Cathedral City, 945 F.2d 317, 320 (9th Cir. 1991). ______________ By contrast, the letter of resignation from Sanchez lacked such finality. Although Sanchez submitted her resignation on July 2, she reserved 18 days for it to take effect. This waiting period reasonably could indicate, as Sanchez avers, that if PREPA ended the hostile atmosphere forcing her departure, she might rescind her resignation. Thus, until she actually left her employment, her constructive discharge was not certain. We emphasize that our decision expresses no view upon the merits of Sanchez's claims. On remand, she still must prove that -7- defendants refused to act and that they maintained this policy during the limitations period. Vacated and remanded. No costs. ____________________ ________ -8-