29 F.3d 630
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary BENNETT, Plaintiff-Appellant,
v.
DISTRICT ATTORNEY OFFICE; Metro Police Department:
Municipality, Defendants-Appellees.
 No. 93-16414.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1994.*
Decided June 22, 1994.
 
 Before: GOODWIN, PREGERSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gary Bennett appeals pro se the district court's dismissal of his action brought under 42 U.S.C. Sec. 1983. The district court held that Bennett's action was barred by the statute of limitations. We have jurisdiction, 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 For statute of limitations purposes, civil rights actions are to be characterized as personal injury actions. Wilson v. Garcia, 471 U.S. 261, 276-80 (1985). Although state law determines the length of the limitations period, "federal law governs the time of accrual." Gibson v. United States, 781 F.2d 1334, 1340 (9th Cir.1986), cert. denied, 479 U.S. 1054 (1987). Under federal law, the touchstone for determining the start of the limitations period is notice. Hoesterey v. City of Cathedral City, 945 F.2d 317, 319 (9th Cir.1991), cert. denied, 112 S.Ct. 1941 (1992). "[A] cause of action generally accrues when a plaintiff knows or has reason to know of the injury which is the basis of his action." Cline v. Brusett, 661 F.2d 108, 110 (9th Cir.1981). We review de novo the district court's application of the statute of limitations. Gerritsen v. Consulado General de Mexico, 989 F.2d 340, 343 (9th Cir.), cert. denied, 114 S.Ct. 95 (1993). "When such application turns on what a reasonable person should know, a mixed question of law and fact is presented which we review for clear error." Id.
 
 
 4
 In Nevada, the limitations period for personal injury actions is two years. Nev.Rev.Stat. Sec. 11.190(4)(e). Bennett filed his complaint on March 5, 1993. In it he alleges that on April 2, 1990, Las Vegas Metropolitan Police Department detectives destroyed and confiscated his property during a warrantless search of his home. The complaint also alleges that on April 19, 1990, the district attorney failed to notify him that he was the target of a grand jury investigation and that he had a right to appear and testify at the grand jury proceeding. See Nev.Rev.Stat. Sec. 172.241; Sheriff, Humbolt County v. Marcum, 783 P.2d 1389 (Nev.1989) (per curiam), amended, 790 P.2d 497 (Nev.1990). Because all of the conduct of which Bennett complains occurred more than three years before the filing of his complaint, his action is barred by the statute of limitations.
 
 
 5
 We reject Bennett's contention that the doctrine of equitable tolling prevents the dismissal of his action. In his brief, he claims that due to "fraudulent concealment" on the part of the defendants, it was not until October 13, 1993 that he was "able to show in fact [that] his allegation[ ] of failure to receive Marcum notice was a fact." In response to the defendants' motion to dismiss, however, Bennett conceded that the earliest time he could have known of the alleged violations was February 21, 1991, the date of his sentencing. Even assuming that his action did not accrue until this date, it would still be time-barred.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3