Ray **GIRDLER**, Jr.,

v.

David **DALE**, et al.

No. CIV 93–1786 PHX EHC.

United States District Court, D. Arizona.

July 25, 1994.

Lawrence A. Hammond, Evan Haglund, Meyer, Hendricks, Victor, Osborn & Maledon, Howard Ross Cabot, Karen Wilkinson, Brown & Bain, Phoenix, AZ, for plaintiff.

Daniel Malinski, Bryan Murphy, Burch & Cracchiolo, Phoenix, AZ, for defendants.

## ORDER

CARROLL, District Judge.

### I. *Background*

The relevant facts for purposes of this motion are undisputed.

### *Criminal Proceedings in Yavapai County Superior Court*

On November 20, 1981, a fire broke out in Plaintiff Ray Girdler, Jr.'s mobile home. Girdler's wife and daughter were killed in the fire. Deputy State Fire Marshal Robert Humphrey conducted the initial investigation of the fire and concluded that the fire was caused by arson—specifically, by the use of liquid accelerants. Deputy State Fire Marshal David Dale reviewed Humphrey's report and concurred in his conclusions regarding the cause of the fire.

Girdler was arrested by the Yavapai County Sheriff's Office (YCSO) on November 24, 1981. A Preliminary Hearing was held on December 3 and 4, 1981. At the Preliminary Hearing, YCSO Detective Wesley Mauldin testified as the only witness. Mauldin testified regarding the conclusions of Humphrey and Dale that the fire was caused by arson. Humphrey's report was submitted as evidence. Mauldin also testified as to his own independent investigation and his interviews with Girdler and other witnesses. The Magistrate made a finding of probable cause at the conclusion of the hearing on December 4, 1981; Girdler was charged with arson and two counts of murder.

After trial in the spring of 1982, a jury found Girdler guilty on all charges. The Superior Court judge sentenced him to consecutive terms: 21 years for arson and two 25–year terms for murder. Dale and Humphrey testified at the trial regarding their conclusions that the fire was caused by the use of liquid accelerants poured through various locations of the mobile home. A pre-sentencing hearing was held on July 2, 1982.

The plaintiff alleges in his Statement of Facts that

> Prior to Ray Girdler's arrest, and at the time he testified at Mr. Girdler's trial, Mr. Dale was aware of a fire phenomenon called "flashover." When he testified at trial, Mr. Dale knew that as a result of flashover a fire of accidental origin could result in post-fire burn patterns resembling those resulting from arson fires resulting from liquid accelerants. In spite of that knowledge, Mr. Dale knowingly withheld critical exculpatory evidence regarding flashover from the prosecutor, judge, and jury.

Plaintiff's SOF at ¶¶ 8–13. These allegations are the basis for Girdler's claims pursuant to 42 U.S.C. § 1983.

Girdler filed a Petition for Post–Conviction Relief in February, 1988. He sought a new trial on the grounds that fires that appear to have been caused by arson may also be caused by a natural "flashover" phenomenon, and this evidence was not presented at his original trial. An eleven-day evidentiary hearing was held on this petition in the summer of 1990.

On November 21, 1990, Girdler's conviction was vacated. In a Minute Order, the Superior Court judge vacated the judgment of conviction and sentence. Girdler was placed in the custody of the Sheriff and returned to Yavapai County Jail pending further proceedings. On December 18, 1991, the Superior Court dismissed all charges pending against Girdler.

### Girdler's Lawsuit in Federal Court

Girdler filed his Complaint in this Court on September 16, 1993. The Complaint names as defendants David Dale, Duane Pell (Arizona State Fire Marshal), and N. Eric Borg (Director, Arizona Department of Building and Fire Safety). Only Defendant Dale is sued in his individual capacity; no damages are sought from Pell and Borg.

The defendants have filed a Motion for Summary Judgment arguing that the plaintiff's claims are barred by the statute of limitations. The Complaint included pendent state claims; however, the plaintiff has conceded that these claims are barred by the applicable statute of limitations.[1] Accordingly, these state law claims will be dismissed.

## II. *Defendants' Motion for Summary Judgment*

■ The applicable statute of limitations for claims pursuant to 42 U.S.C. § 1983 is the state limitations statute corresponding to personal injury claims. *Wilson v. Garcia,* 471 U.S. 261, 279–280, 105 S.Ct. 1938, 1948–49, 85 L.Ed.2d 254 (1985). Arizona has a two-year statute of limitations for personal injury actions. A.R.S. § 12–542(1).

■ Federal law governs when a cause of action accrues. *Vaughan v. Grijalva,* 927 F.2d 476, 480 (9th Cir.1991); *Hoesterey v. City of Cathedral City,* 945 F.2d 317, 318–319 (9th Cir.1991).

Under federal law, the touchstone for determining the commencement of the limitations period is notice: "a cause of action generally accrues when a plaintiff knows or has reason to know of the injury which is the basis of his action."

*Id.,* 945 F.2d at 319 (quoting *Cline v. Brusett,* 661 F.2d 108, 110 (9th Cir.1981)). The accrual of a § 1983 claim, then, depends upon the substantive basis for the claim. The Complaint in this case states the following claims against Dale:

> By contributing to, and/or conspiring with others to obtain, the arrest, incarceration, prosecution and sentencing of Mr. Girdler for murder and arson without probable cause, Dale violated Mr. Girdler's rights under the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.
>
> . . . .
>
> Dale's act of withholding and/or conspiracy to withhold plainly exculpatory evidence deprived Mr. Girdler of his rights to due process of law under the Fifth and Fourteenth Amendments to the United States Constitution.

Complaint at ¶¶ 46–48.

The plaintiff states a somewhat amorphous cause of action. Similar claims arising from similar facts have been labeled in different ways by the Ninth Circuit and by other federal courts. *See, e.g., Cline v. Brusett,* 661 F.2d 108, 110 (9th Cir.1981) ("malicious prosecution"); *Venegas v. Wagner,* 704 F.2d 1144, 1146 (9th Cir.1983) ("denial of a fair trial resulting in wrongful conviction and imprisonment"). Recently, in a concurring opinion in *Albright v. Oliver,* — U.S. —, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994), Justice Ginsburg suggested that a § 1983 claim for false arrest pursuant to the Fourth Amendment would encompass both the arrest and subsequent proceedings, such as false testimony at a preliminary hearing. Justice Ginsburg reasoned that the defendant "remained effectively 'seized' for trial so long as the prosecution against him remained pending." *Id.* at —, 114 S.Ct. at 816.

The parties' briefs with respect to this motion focused on the label to be given to the plaintiff's claim, because the Ninth Circuit has previously found that a claim for malicious prosecution accrues at a later time than

---

1. The Arizona Statute of Limitations for personal injury actions against public entities and employ-ees is one year. A.R.S. § 12–821.

a claim for false arrest. *Cline,* 661 F.2d at 110. However, the Supreme Court's recent decision in *Heck v. Humphrey,* —— U.S. ——, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), has obviated these disputes.

In *Heck,* the Court addressed the "intersection" between § 1983 and the federal habeas corpus statute. While the plaintiff's appeal from his conviction in state court was pending, he filed a § 1983 claim in federal court, alleging that state prosecutors and investigators had engaged in an unreasonable investigation leading to his arrest, had destroyed exculpatory evidence, and had presented false evidence at trial. The plaintiff sought only monetary relief—he did not seek injunctive relief or release from custody. The district court dismissed the case without prejudice, on the grounds that the issues in the federal case implicated the legality of the plaintiff's confinement. The Seventh Circuit affirmed.

The Supreme Court, affirming that decision, held that a § 1983 claim for damages alleging an unconstitutional conviction may not be brought until the underlying conviction or sentence has been reversed or otherwise resolved in the plaintiff's favor.

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or

sentence that has not been so invalidated is not cognizable under § 1983.

—— U.S. at ——, 114 S.Ct. at 2372.[2]

Moreover, the Court specifically addressed the question of accrual of such claims:

> Just as a cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor ... so also a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

*Id.*

■ Regardless of whether the plaintiff in the instant case has alleged one claim for malicious prosecution or several claims for false arrest, false imprisonment, and malicious prosecution, *Heck* provides that all of these claims accrued on December 18, 1991, when the charges against Girdler were dismissed.[3]

### III. *Plaintiff's Rule 56(f) Motion*

On the same date that the statute of limitations motion was filed, the defendants filed a Motion for Summary Judgment arguing that Defendant Dale is entitled to absolute and qualified immunity.

The plaintiff has filed a motion pursuant to Fed.R.Civ.P. 56(f), requesting that the Court continue that summary judgment motion to allow the plaintiff to depose three witnesses: David Dale, Robert Humphrey (another deputy fire marshal involved in the Girdler investigation), and James Landis (the prosecutor assigned to the Girdler criminal case). The plaintiff argues that he seeks to depose these individuals to determine the nature of Dale's role in the criminal investigation and to determine whether Dale's actions were objectively reasonable. The plaintiff contends that the testimony from the prior crim-

---

**2.** *Heck* will apply retroactively. *See Harper v. Virginia Dept. of Taxation,* —— U.S. ——, ——, 113 S.Ct. 2510, 2517, 125 L.Ed.2d 74 (1993).

**3.** At oral argument, the defendants contended that the plaintiff's claims were time-barred under *Heck.* The defendants argued that the claims accrued on November 21, 1990, when the conviction was vacated by minute order, rather than

on December 18, 1991, when the state court dismissed all pending charges. The Court disagrees with that construction. Because charges remained pending against Girdler until December 18, 1991, when the state court issued a formal order dismissing all charges against him, that is when his § 1983 claims accrued.

inal proceedings is not an adequate substitute for these depositions.

The Court will grant the Rule 56(f) Motion; the plaintiff may take these three depositions before filing his Response. The parties have previously stipulated that the plaintiff's response to the immunity motion will be due 30 days after taking the last deposition. The parties shall agree upon a schedule for the depositions and further briefing of the motion and submit such a schedule to the Court.

## IV. *Conclusion*

Accordingly, for the reasons previously set forth,

**IT IS ORDERED** granting in part and denying in part Defendants' Motion for Summary Judgment (dkt. 25). The motion is granted only with respect to the plaintiff's state law claims. The motion is denied with respect to the federal claims pursuant to 42 U.S.C. § 1983.

**IT IS FURTHER ORDERED** granting Plaintiff's Rule 56(f) Motion for Continuance (dkt. 34).

**IT IS FURTHER ORDERED** that by August 8, 1994, the parties shall submit to the Court a stipulated schedule for conducting these depositions and filing a Response and Reply to the Immunity Motion in a timely fashion.

**IT IS FURTHER ORDERED** denying Defendants' Motion for Leave to File Supplemental Response (dkt. 42).