41 F.3d 1513
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael R. PSKET, Plaintiff-Appellant,
v.
UNITED STATES of America, DEPT. OF JUSTICE-ORGANIZED CRIME
STRIKE FORCE; Binion's Horseshoe Club Hotel and Casino;
Bally's Resort Hotel and Casino; Las Vegas Metropolitan
Police Department; Sheriff John Moran; Hotel and
Restaurant Employees and Bartenders Union, AFL-CIO, Culinary
Local # 226; Jacqueline Kennedy Onassis, Defendants-Appellees.
 Nos. 92-17022, 93-15293 and 93-15624.
 United States Court of Appeals, Ninth Circuit.
 Nov. 10, 1994.*
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Psket appeals pro se the district court's dismissal with prejudice of his civil rights action in favor of defendants Culinary Workers Union Local 226 (Local 226), Bally's Resort Hotel and Casino (Bally's), Binion's Horseshoe Club Hotel & Casinos (Binion's), the Las Vegas Metropolitan Police Department (Metro), Sheriff John Moran, the Department of Justice Organized Crime Strike Force (Strike Force), and Jacqueline Kennedy Onassis (Onassis). Psket contends the district court committed numerous errors. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 A. Background
 
 3
 On August 17, 1992, Psket filed a complaint in the District Court in Las Vegas, Nevada. In his complaint, Psket alleged that on February 27, 1983, uniformed and armed security personnel at Binion's accosted him at the casino bar, accused him of "card-counting," and demanded that he leave the casino. After he left the casino, these same guards verbally threatened him. Fearing for his life, Psket fled, but the guards followed and caught him. They beat him, handcuffed him and brought him back into Binion's where he was beaten again and tortured. He was then robbed of his winnings and threatened with death, police harassment, and employment blacklisting and was told that Sheriff Moran would force him leave town.
 
 
 4
 Psket claims that ever since that day in 1983, he has been the focus of a conspiracy among the various named defendants. He alleges that Onassis conspired with and directed the other defendants to violate his civil rights by variously (1) discriminating against him at work on the basis of his gender via a hostile work environment, (2) invading his privacy, (3) slandering and defaming him, (4) blacklisting him from both work and gambling in Las Vegas, (5) causing him to be wrongfully terminated from his employment, (6) assaulting him, (7) intimidating a witness in a federal proceeding, (8) intentionally inflicting emotional distress upon him, and (9) compiling false criminal charges against him.
 
 
 5
 In September 1992, Local 226, Binion's, Metro, and Sheriff Moran filed motions to dismiss. Psket failed to respond to these motions as required by Local Rule 140-6 of the Rules of Practice of the United States District Court for the District of Nevada (Local Rule 140-6). On October 19, 1992, the district court dismissed with prejudice the actions against Local 226, Binion's, Metro and Sheriff Moran on the ground that failure to comply with this local rule meant that Psket consented to the granting of the motions.
 
 
 6
 In November 1992 Onassis filed a motion to dismiss. Psket timely responded. On December 14, 1992, the court dismissed with prejudice the claims against Onassis based upon Psket's failure either to file his claim within the applicable statute of limitations period or, in the alternative, to serve process.
 
 
 7
 In November 1992 the federal defendants filed a motion to dismiss. Psket timely responded. On December 18, 1992, the court dismissed the claims against Strike Force for failure to effect proper service of process and, under Fed.R.Civ.P. 12(b)(6), for failure to state a cause of action upon which relief may be granted.
 
 
 8
 In February 1993 Bally's filed a motion to dismiss. Psket timely responded. On March 16, 1993, the court dismissed the claims against Bally's for failure to state a claim and for failure to comply with the applicable statute of limitations.
 
 
 9
 On appeal, Psket challenges the dismissal of each of these defendants.
 
 
 10
 B. Dismissal of Defendants Binion's, Metro, Sheriff Moran and Local 226
 
 
 11
 Psket contends that as a pro se plaintiff, he has the right to less stringent enforcement of local rules of procedure and that the district court erred by dismissing these defendants based upon Psket's failure to comply with a local rule of which he was unaware. This contention lacks merit.
 
 
 12
 We have previously held that, unlike pro se prisoners, "pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." Jacobsen v. Filler, 790 F.2d 1362, 1364 (9th Cir.1986) (upholding summary judgment against pro se plaintiff in civil rights case where plaintiff failed to file responsive material in opposition of summary judgment motion). Thus, Psket is not entitled to any special consideration for his failure to comply with the procedural requirements of the district court.
 
 
 13
 We review for abuse of discretion the district court's dismissal of these defendants under the local rules. See Carey v. King, 856 F.2d 1439, 1440 (9th Cir.1988). "Only in rare cases will we question the exercise of discretion in connection with the application of local rules." United States v. Warren, 601 F.2d 471, 474 (9th Cir.1979).
 
 
 14
 Failure to follow a district court's local rules is a proper ground for dismissal. Carey, 856 F.2d at 1441. Before dismissing the action, the district court is required to weigh several factors: " '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." ' Id. (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986)). If the district court does not explicitly address these factors, we review the record independently to determine if the district court abused its discretion. Henderson, 779 F.2d at 1424.
 
 
 15
 Psket was apparently aware of the need to respond to the motions to dismiss, as evidenced by his attempt to file a response to Local 226's motion to dismiss. However, he failed to provide a proof of service along with this response. Psket never responded at all to Binion's, Metro's or Sheriff Moran's motions to dismiss. Psket's apparently willful failure to comply with the requirements of the local rules weighs heavily against him in our evaluation of the relevant factors. Under these circumstances, we hold that the district court did not abuse its discretion by dismissing Psket's claims as to these defendants. See Warren, 601 F.2d at 474 (upholding dismissal of pro se defendant's claims where plaintiff failed to comply with similar Arizona District Court local rule).
 
 C. Dismissal of Defendant Onassis
 
 16
 Psket contends the district court erred by dismissing his complaint for failure to bring his claim within the applicable statute of limitations period or, in the alternative, for failure to properly serve process. This claim lacks merit.
 
 
 17
 We review de novo a district court's dismissal of a claim on statute of limitations grounds. Harding v. Galceran, 889 F.2d 906, 907 (9th Cir.1989), cert. denied, 111 S.Ct. 951 (1991). Our review is limited to consideration of the contents of the complaint, the allegations of which are accepted as true and construed in the light most favorable to the plaintiff. Hoesterey v. City of Cathedral City, 945 F.2d 317, 318 (9th Cir.1991). Furthermore, we will permit dismissal only if " 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " Id.
 
 
 18
 Psket alleged violations of 42 U.S.C. Secs. 1983, 1985. In cases brought pursuant to sections 1983 and 1985, the statute of limitations is determined by the state personal injury statute of limitations for the state in which the action is brought. McDougal v. County of Imperial, 942 F.2d 668, 672-74 (9th Cir.1991). In Nevada, the governing statute of limitations is two years. Perez v. Seevers, 869 F.2d 425, 426 (9th Cir.1988) (per curiam), cert. denied, 493 U.S. 860 (1989).
 
 
 19
 Psket filed his complaint on August 17, 1992. His complaint makes no allegation of any conspiratorial action by Onassis within two years prior to that date. In fact, the only specific allegation of adverse action by any of the identified participants in the claimed conspiracy against Psket is the 1983 beating and torture allegedly carried out by security guards at Binion's. Accordingly, the district court did not err by finding that Psket's claim as to Onassis was barred by the applicable statute of limitations. See McDougal, 942 F.2d at 674.
 
 D. Dismissal of Defendant Strike Force
 
 20
 The district court dismissed the claims against Strike Force for failure to effect proper service of process, or, in the alternative, for failure to state a cause of action under Rule 12(b)(6). Psket contends that dismissal on either of these grounds was error. This contention lacks merit.
 
 
 21
 We review de novo the district court's dismissal of a complaint for failure to state a claim under Rule 12(b)(6). Buckey v. Los Angeles, 968 F.2d 791, 794 (9th Cir.), cert. denied, 113 S.Ct. 599 (1992). As with the dismissal on statute of limitations grounds, our review is limited to the contents of the complaint and it must appear "beyond doubt" that Psket would not be entitled to relief under any set of facts that he could prove in order for us to uphold dismissal on this ground. See id.
 
 
 22
 Psket specifically seeks to bring a civil rights suit against the federal defendants under 42 U.S.C. Secs. 1983, 1985. The defendants are Strike Force, an agency of the United States government, as well as the United States itself. Under the facts alleged in his complaint, Psket's may not bring suit against an agency of the United States under either section 1983 or 1985. See Gerritsen v. Consulado General de Mexico, 989 F.2d 340, 343 (1993) (in absence of express statutory authorization, federal agency is immune from suit under either section 1983 or 1985). Furthermore, the United States itself is not a state actor and therefore does not come within the provisions of sections 1983 or 1985. See 42 U.S.C. Secs. 1983, 1985.
 
 
 23
 Accordingly, the district court did not err by dismissing the federal defendants from this suit on the ground that Psket had failed to state a claim upon which relief could be granted. See Buckey, 968 F.2d at 795.
 
 E. Defendant Bally's
 
 24
 Psket contends the district court erred by dismissing defendant Bally's for failure to state a claim under Rule 12(b)(6) or, in the alternative, for failure to file his claim within the applicable statute of limitations period. This contention lacks merit.
 
 
 25
 Psket's allegations of participation by Bally's in the far-flung conspiracy against him revolve around his dismissal from employment with Bally's in February 1989. To the extent that Psket claims violations of section 1983 and 1985 by Bally's, the two year statute of limitations had already run before he filed the instant suit in August 1992 and these claims were barred. See McDougal, 942 F.2d at 674.
 
 
 26
 Psket's claims of sexual harassment and workplace discrimination appear to fall within the ambit of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq., which governs workplace discrimination on the basis of gender. Before filing an action in federal court under Title VII, however, a private litigant must first file a complaint with the Equal Employment Opportunity Commission. 42 U.S.C. Sec. 2000e-5; Stache v. Int'l Union of Bricklayers, 852 F.2d 1231, 1233 (9th Cir.1988), cert. denied, 493 U.S. 815 (1989). Psket fails to allege that he has satisfied this requirement. Therefore, he cannot maintain a claim against Bally's under Title VII. See id.
 
 
 27
 In addition to claiming the district court erred by dismissing each of the defendants in this action, Psket also claims the district court erred in every other adverse decision made during the course of the instant case. These contentions are frivolous.
 
 
 28
 Finally, we deny Metro's request for attorney's fees.
 
 
 29
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3