110 F.3d 67
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Darrell CLOUD, By and Through his next of friend Ingrid and
William CLOUD, William Cloud; Ingrid Cloud,
Plaintiffs-Appellants,
v.
John SUMMERS; Lyle Sommers as co-personal representatives
of the estate of Neal Summers; Seattle School
District, part and parties, Defendants-Appellees.
 No. 95-35888.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 7, 1997.
Decided March 27, 1997.
 
 1
 Before: BROWNING, RYMER, and T.G. NELSON, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 The district court acted within its discretion in treating the draft motion for reconsideration as a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e). As we have held, if a motion served within ten days of judgment could have been brought under Rule 59(e), the motion tolls the time for appeal even if Rule 59 is not expressly invoked. Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1419 (1984).
 
 
 4
 The district court properly granted summary judgment on the federal claims on the ground that the claims were barred by the statute of limitations. The statute of limitations applicable to an actions filed under Section 1983 is the general personal injury statute of limitations in the state in which the claims are brought, Wilson v. Garcia, 471 U.S. 261, 279 (1985)--in this case, the three-year statute of limitations established in Wash.Rev.Code § 4.16.080(2).
 
 
 5
 Federal law determines when the limitations period begins to run. Hoesterey v. City of Cathedral City, 945 F.2d 317, 319 (9th Cir.1991) (citations omitted). Under federal law, "a cause of action generally accrues when a plaintiff knows or has reason to know of the injury which is the basis of his action." Id. State tolling statutes also apply to Section 1983 claims, Wilson at 269; Washington law tolls commencement of the limitations period until the plaintiff turned eighteen. Because this lawsuit was filed more than three years after Cloud turned eighteen, and the record shows Cloud knew or should have known of his injury, Cloud's claims are barred.
 
 
 6
 There was no evidence Cloud was "incompetent or disabled to such a degree that he ... could not understand the nature of the proceedings." Wash.Rev.Code § 4.16.190. The Washington statute concerning child sexual abuse applies only to "childhood sexual abuse." Wash.Rev.Code § 4.16.340(5). The continuing acts doctrine is inapplicable to Cloud's case because no act of molestation by Summers, acting in a state actor capacity as required under Section 1983, occurred within the statute of limitations. Washington's equitable tolling doctrine has not been applied absent evidence of bad faith, deception, or false assurances by the defendant, see Douchette v. Bethel School Dist. No. 403, 818 P.2d 1362, 1365 (Wash.1991), and no such evidence was offered.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3