Quincy YOUNG; Megan Bocks; Leslie Garvin, individually and on behalf of others similarly situated, Plaintiffs—Appellants,

v.

Richard A. CROFTS, Commissioner of Higher Education; Patrick Davis, Chairman, Commission of Higher Education; Paul Boylan; Colleen Conroy; Ed Jasmin; Lynn Morrison–Hamilton; Richard Roehm; Margie Thompson; Kim Cunningham, individually and collectively as members of the Montana Board of Regents of Higher Education; State of Montana University System, Defendants—Appellees.

No. 01–35998.

D.C. No. CV–99–00042–SRT.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 6, 2003.

Decided April 11, 2003.

Before REINHARDT, W. FLETCHER and GOULD, Circuit Judges.

MEMORANDUM *

Plaintiffs-appellants, students at the University of Montana who have paid out-of-state tuition but who claim that they would have qualified for in-state status,

appeal the district court's dismissal of their action for lack of standing. We hold that the students have alleged sufficient facts to maintain their standing, and thus their suit, at this stage. We therefore reverse.

1. Standing under Article III of the Constitution is an element of subject matter jurisdiction; consequently, a defense based on lack of Article III standing may be raised in a 12(b)(1) motion. *See* 15 Moore's Federal Practice § 101.30[1] (3d ed. 1999). Generally, on a 12(b)(1) motion, unlike a 12(b)(6) motion, a court need not defer to a plaintiff's factual allegations regarding jurisdiction. But the Supreme Court has held that where a 12(b) motion to dismiss is based on lack of standing, the reviewing court must defer to the plaintiff's factual allegations, and must "presume that general allegations embrace those specific facts that are necessary to support the claim." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). (internal quotation marks omitted). *See also Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 889, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990) (noting the difference between the standards to maintain standing under a 12(b) motion and a summary judgment motion). In short, a 12(b)(1) motion to dismiss for lack of standing can only succeed if the plaintiff has failed to make "general factual allegations of injury resulting from the defendant's conduct." *Lujan v. Defenders of Wildlife,* 504 U.S. at 561.

2. More specifically, this court has held that where the jurisdictional facts are intertwined with a plaintiff's substantive claim, "the district court should employ the standard applicable to a motion for summary judgment and grant the [12(b)(1)]

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

motion to dismiss for lack of jurisdiction only if the material jurisdictional facts are not in dispute." *Rosales v. United States,* 824 F.2d 799, 803 (9th Cir.1987). Where the intertwined factual issues are disputed, the court should leave the resolution of those jurisdictional issues to the trier of fact. *Ventura Packers, Inc. v. F/V Jeanine Kathleen,* 305 F.3d 913, 922 (9th Cir. 2002); *Thornhill Pub. Co. v. Gen. Tel. & Elec. Corp.,* 594 F.2d 730, 735 (9th Cir. 1979); 2 Moore's Federal Practice § 12.30[3] (3d ed.1999).

Moreover, "where pertinent facts bearing on the question of jurisdiction are in dispute, discovery should be allowed." *America West Airlines v. GPA Group, Ltd.,* 877 F.2d 793, 801 (9th Cir.1989). The students, faced with a 12(b)(1) motion, should have been allowed reasonable discovery to determine the facts that went to the issue of their standing under Article III. *See Farr v. United States,* 990 F.2d 451, 454 (9th Cir.1993).

3. The district court was correct that, to succeed on the merits of their suit against the defendants in their individual capacities, the students would have to show that the individual defendants deprived them of their rights. The district court was also correct that the doctrine of *respondeat superior* does not apply in § 1983 suits. But a supervisor is "liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir.1989). *See also Clement v. Gomez,* 298 F.3d 898, 905 (9th Cir.2002) (holding that prison supervisors may be liable if they had actual or constructive notice that training of guards was necessary to prevent constitutional violations).

To prevail in their § 1983 suit, the students would not need to establish the individual defendants' personal involvement in the constitutional deprivation—they can also prevail if they show a sufficient causal connection between the defendants' conduct and the constitutional violation. *Redman v. County of San Diego,* 942 F.2d 1435, 1446–47 (9th Cir.1991) (en banc). At the pleading stage, it was enough to make a general factual allegation of a causal connection between the defendants' conduct and the constitutional violation.

4. Those students who failed to make a formal application for residency status are not thereby necessarily deprived of standing. It is true that, for those students who never applied, the individual defendants did not reject their applications and did not violate their rights in that manner. But the defendants may be liable if, for example, they instituted an unconstitutional policy, or if they knew that their subordinates were acting unconstitutionally and failed to prevent their acts, and that policy or those acts led reasonable students to conclude that an application for residency status would be denied.

This case is different from *Madsen v. Boise State University,* 976 F.2d 1219 (9th Cir.1992) (per curiam). This case, unlike *Madsen,* is not "too nebulous for judicial resolution." *Id.* at 1221. The plaintiff in *Madsen* sought relief based on a single incident where he was denied a parking permit; here, by contrast, the students have alleged a widespread practice of refusing to consider students for residency status and discouraging students from making application for such status. They have, in other words, alleged that there have been "similar, futile efforts by others." *Id.* at 1222. Here, moreover, the students' claim is not so much that the University's officially propounded policy was unconstitutional, but rather that the defendants and their subordinates made statements and engaged in practices that

were inconsistent with the officially propounded policy.

5. The students, in their complaint, made general factual allegations, which, if true, could constitute factual and legal injury. Prior to reasonable discovery, the students could not be expected to allege (much less demonstrate) who, among the defendants, took which actions. The students' pleadings were sufficient to survive a motion to dismiss based on standing. We therefore reverse.

REVERSED and REMANDED.