**Robert T. MORGAN; Linda A. Morelli; Katherine Reyes Fletcher, Plaintiffs—Appellants,**

**v.**

**Ronald KOMERS, individually and in his capacity as Human Resources Director of the Human Resources Department of the County of Riverside, California; Larry Parrish, individually and in his capacity as Chief Executive Officer; Larry D. Smith, individually and in his capacity as the former Sheriff of the Sheriff's Department of the County of Riverside; Board of Supervisors of Riverside County; County of Riverside, California, Defendants—Appellees.**

**Nos. 03–57109, 03–57251.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2005.*

Decided Oct. 20, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Dennis J. Hayes, Esq., Olins, Foerster & Hayes, Dennis J. Hayes, Esq., Olin, Hayes & Miller, San Diego, CA, for Plaintiffs—Appellants.

Elizabeth M. Branch, Olin, Hayes & Miller, San Diego, CA, for Plaintiffs—Appellants and Defendants—Appellees.

M. Lois Bobak, Esq., Magdalena Lona–Wiant, Esq., Woodruff, Spradlin & Smart, Orange, CA, for Defendants—Appellees.

Before: FARRIS, THOMPSON, and BYBEE, Circuit Judges.

## MEMORANDUM **

Plaintiffs-appellants Robert T. Morgan, Linda A. Morelli, and Katherine Reyes Fletcher, three deputy sheriffs who were employed by the County of Riverside, California (collectively "the plaintiffs"), appeal the district court's judgment dismissing their 42 U.S.C. § 1983 action in which they sought back pay for the period each was placed on administrative leave without pay ("AWOP") status. The district court concluded that none of the various sources of state law relied upon by the plaintiffs was sufficient to establish the plaintiffs' alleged property interests in continued paid em-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ployment, and that the procedural safeguards they received were adequate. The district court later denied the plaintiffs leave to amend their complaint. We have jurisdiction under 28 U.S.C. § 1291 and we affirm the district court's denial of leave to amend and dismissal of the action.

■ The plaintiffs' procedural due process claims are barred by the statute of limitations, which is two years.[1] *See Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir.2004) (explaining that § 1983 actions apply the forum state's statute of limitations for personal injury actions which is two years for actions filed in California after January 1, 2003). The claims accrued on the dates each plaintiff was placed on AWOP, an event that made them aware of their alleged deprivations. *See Hoestery v. City of Cathedral City*, 945 F.2d 317, 319 (9th Cir.1991) (holding that the statute of limitations commences when the plaintiff "would have notice of all allegedly wrongful acts that he later sought to challenge"). Because none of the plaintiffs was placed on AWOP within two years of the date they filed this action, each claim predicated upon the denial of procedural due process is time-barred and therefore was properly dismissed. The plaintiffs' alleged injuries are discrete, rather than continuing in nature, and thus no continuing violation of their rights occurred to extend the limitations period. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002); *Del. State Coll. v. Ricks*, 449 U.S. 250, 258, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980). Nor are the plaintiffs entitled to tolling under any theory. *See Jones*, 393 F.3d at 928; *R.K. Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1060 (9th Cir.2002).

■ The plaintiffs' substantive due process claims were also properly dismissed because the substantive due process injuries they alleged fall within the scope of the explicit terms of the Due Process Clause, and are addressed within that structure. *Hufford v. McEnaney*, 249 F.3d 1142, 1151 (9th Cir.2001) ("If, in a § 1983 suit, the plaintiff's claim can be analyzed under an explicit textual source of rights in the Constitution, a court should not resort to the 'more subjective standard of substantive due process.'") (quoting *Armendariz v. Penman*, 75 F.3d 1311, 1319 (9th Cir.1996) (en banc)). Accordingly, the plaintiffs' substantive due process claims are also barred by the two-year statute of limitations.

To the extent that there is any issue as to whether the plaintiffs' claims alleging violation of California Government Code Section 21153 were wrongfully denied, those claims have been waived because the plaintiffs failed to specifically and distinctly include them in their opening brief in this appeal. *See Ford v. MCI Commc'ns Corp. Health & Welfare Plan*, 399 F.3d 1076, 1078 n. 2 (9th Cir.2005).

Finally, the district court did not abuse its discretion by denying the plaintiffs' motion for leave to amend their complaint because amendment would have been futile given our decision that their due process claims are time-barred. *See Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir.2004).

AFFIRMED.

---

**1.** While the district court did not address whether the plaintiffs' claims are time-barred, we may nevertheless affirm on any basis sup-

ported by the record. *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir.2004).