Quincy **YOUNG**; **Megan Bocks**, Plaintiffs–Appellants,

v.

Richard A. **CROFTS**, Commissioner of Higher Education; **Montana, State of**, University System; **Patrick Davison**, Defendants–Appellees.

No. 04–36120.

D.C. No. CV–99–00042–SRT.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 8, 2005.

Decided Jan. 10, 2006.

---

Geoffrey C. Angel, Angel Law Firm, Bozeman, MT, Alan F. Blakley, Alan F. Blakley, P.C., Missoula, MT, Craig Miles, Miles Law Firm, Fort Collins, CO, for Plaintiffs–Appellants.

Leroy H. Schramm, Helena, MT, for Defendants–Appellees.

Before GOULD and BERZON, Circuit Judges, and SCHWARZER,** District Judge.

## MEMORANDUM***

Tuition in the Montana University System is lower for Montana residents than for out-of-state enrollees.[1] Students from out-of-state were informed that they could not obtain residency status while enrolled in more than six credits as a student. Student plaintiffs challenged the schools' residency policies under 42 U.S.C. § 1983, asserting that the policies violated Supreme Court precedent in *Vlandis v. Kline*, 412 U.S. 441, 452, 93 S.Ct. 2230, 37 L.Ed.2d 63 (1973) (holding that a state university system "is forbidden by the Due Process Clause to deny an individual the resident rates on the basis of a permanent and irrebuttable presumption of nonresidence").[2] The district court granted summary judgment to Defendants. We affirm.

---

** The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Because the facts are familiar to the parties, we do not recite them here except as necessary to understand our decision.

2. Although Plaintiffs contend that the doctrine of *Vlandis* has been eroded and that it need not be followed, the Supreme Court has never overruled *Vlandis*. We therefore must apply it as binding precedent. *See Agostini v. Felton*, 521 U.S. 203, 207, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997) (citing *Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477, 484, 109 S.Ct. 1917, 104 L.Ed.2d 526 (1989)) (directing lower courts to "leav[e] to this Court the prerogative of overruling its own decisions"); *see also Carlson v. Reed*, 249 F.3d 876, 881–882 (9th Cir.2001) (holding

█ We conclude that Plaintiffs had standing to bring their claims. Plaintiffs must show that their asserted injury was "fairly traceable" or had "some connection" to Defendants. *See Southern Pac. Transp. Co. v. Brown*, 651 F.2d 613, 615 (9th Cir.1980). Although Defendants had no direct involvement with the actual determination of Plaintiffs' residency status, Defendants had a duty to create and enforce residency presumptions in accordance with constitutional requirements. *See Oregon Advocacy Center v. Mink*, 322 F.3d 1101, 1114–16 (9th Cir.2003). Defendants' participation in the creation and enforcement of the residency presumption at issue here creates a sufficient causal connection to Plaintiffs' alleged injuries for Plaintiffs to have standing to bring claims challenging the residency policies.

█ However, Plaintiffs' claims are barred by the statute of limitations. Plaintiffs' claims accrued outside of the limitation period because Plaintiffs had reason to know of their claims when Plaintiffs were denied, formally or informally, in-state residency status and gained the impression that the denial was based solely on their status as full-time students. *See Hoesterey v. City of Cathedral City*, 945 F.2d 317, 319 (9th Cir.1991) (holding that the statute of limitations commences when the plaintiff "would have notice of all the allegedly wrongful acts that he later sought to challenge"). Plaintiffs' alleged injuries are discrete, rather than continuing in nature, and thus no continuing violation of their rights occurred to extend the limitations period. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002); *Del. State Coll. v. Ricks*, 449 U.S. 250, 258, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980). Plaintiffs do not present any evidence that Plaintiffs Young or Bocks made any further effort to contest their residency status within the limitations period. Because Plaintiffs could not possibly be reclassified as residents unless they made some effort to reapply or appeal their classification, the payment of non-residency tuition each semester is "a delayed, but inevitable, consequence" of the original denial, and not a "separate and independent violation" of their due process rights. *See Knox v. Davis*, 260 F.3d 1009, 1014 (9th Cir.2001).[3]

**AFFIRMED**

that the California State University System did not violate *Vlandis* because a student holding a non-immigrant visa was given the opportunity to show that she should be considered a resident).

3. The allegedly irrebuttable presumption applied by Defendants may have made any subsequent application or appeals futile, such that Plaintiffs are not required to apply or reapply formally. *See Young v. Crofts*, 64 Fed.Appx. 24, 26 (9th Cir.2003). However, the futility of any such application or later appeals only reinforces the conclusion that Plaintiffs had reason to know of the constitutional violation when they first learned of the alleged irrebuttable presumption, and thus the limitations period started at that time.